h DAVID S. GORBATY, Judge.
Danny Black appeals his conviction and sentence for distribution of cocaine. For the following reasons, we affirm.
STATEMENT OF THE CASE:
Defendant Danny Black was charged by bill of information on March 11, 1998, with one count of distribution of cocaine in violation of La.Rev.Stat. 40:967(A). On June 1, 1999, a twelve-person jury found Black guilty of distribution of cocaine. He was sentenced to 17/é years at hard labor without the benefit of parole, probation, or suspension of sentence. The trial court granted Black’s oral motion for appeal.
FACTS:
Detective Raymond Blanco, an officer with the Lafourche Parish Sheriffs Office, participated in an undercover operation in Plaquemines Parish that led to Black’s arrest. On the evening of October 17, 1997, Detective Blanco met with Plaquemines Parish deputies who introduced him to a confidential informant. Detective Blanco testified that he was instructed to go to the Oakville area to attempt to make a purchase of crack cocaine or any type of illegal drugs. The detective and the informant drove to the area in an unmarked vehicle. Two other | ¡.Plaquemines Parish agents accompanied Detective Blanco as backup. Detective Blanco wore a body wire so that the backup officers could hear his conversations in the event he needed help.
Upon reaching the targeted area, an individual identified as John Smith by the informant immediately flagged their vehicle down. Detective Blanco told Smith that he was looking to buy rocks, and Smith told the detective to make the block. As the detective made the block, the informant pointed out the defendant. Black approached the vehicle, and Det. Blanco told him he was looking for rocks. Black also told the detective to make the block. Detective Blanco did as he was instructed, and Black approached the vehicle again. Det. Blanco asked to see the crack cocaine, and Black showed him two pieces. The detective gave Black forty dollars in exchange for the two pieces of crack cocaine.
*95 Once the drugs had been purchased, Det. Blanco met Agents Picou and Farria of the Plaquemines Parish Sheriffs Office at a designated meeting spot, and turned over the drugs. The group of officers proceeded to the Sheriff Department’s narcotics office where Agent Farria put together a photo line-up for Detective Blanco to view. Det. Blanco testified that he picked Danny Black from the photo line-up without hesitation.
Agent Jason Picou corroborated Detective Blanco’s testimony.
Danny Black testified in his own defense. He denied ever seeing Det. Blanco, or selling him drugs.
1,¿DISCUSSION:
ASSIGNMENT OF ERROR NO. 1:
In his first assignment of error, Black complains that his sentence of 17/6 years is excessive and violates his constitutional rights.
Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the needless and purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992).
Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.Code Crim. Proc. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, 424 So.2d 1009 (La.1982).
The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Walker, 96-112, p. 4 (La.App. 3 Cir. 6/6/96), 677 So.2d 532, 535, citing State v. Howard, 414 So.2d 1210 (La.1982).
In State v. Spencer, 29,993 (La.App. 2 Cir. 1/21/98), 707 So.2d 96, the Second Circuit found that a twenty-year sentence for distribution of cocaine and possession with the intent to distribution was not excessive for a defendant with an extensive criminal history.
In State v. Bonanno, 384 So.2d 355 (La. 1980), the Louisiana Supreme Court found that a twenty-one year sentence for distribution of cocaine was not excessive for a defendant who had no prior history of delinquency, but intended to open a new cocaine market in the Shreveport area.
In the instant case, the trial court ordered a pre-sentence investigation. The trial judge considered the fact that Black had a previous arrest and conviction for simple burglary, for which he received probation. The judge also considered that the conviction in the instant case made the defendant a multiple offender.
Black has failed to prove the judge abused the liberal discretion allowed in sentencing. He has also failed to rebut the presumption that the sentence is con *96 stitutional. We find no error in the sentence imposed.
ASSIGNMENT OF ERROR NO. 2:
In his second assignment of error, Black complains the trial court erred by sentencing him to serve the first five years of his sentence without the benefit of probation, parole, or suspension of sentence. Specifically, he claims that at the time the offense was committed, the statute provided that he could be sentenced to no less than five years nor more than thirty years. He argues that the amendment providing for the denial of benefits was not effective at the time of the offense.
|BLouisiana Revised Statute 40:967 was amended in 1997 by Act 1284. The Act amended La.Rev.Stat. 40:967 B(l) and added B(4)(a) and (b).[1] With regard to penalties, the newly created Section B(4)(b) specifically provided:
Distribution, dispensing, or possession with intent to produce, manufacture, distribute or dispense cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule 11(A)(4) of R.S. 40:964 shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, probation, or suspension of sentence and may, in addition, be sentenced to pay a fine of nor more than fifty thousand dollars.
Act 1284 was effective August 15, 1997. Black committed the underlying offense on October 17, 1997. Accordingly, the trial court did not err in denying Black benefits for the first five years of his sentence.
ASSIGNMENT OF ERROR NO. 3:
In this assignment of error, Black complains that he should be granted a new trial because of ineffective assistance of counsel, which resulted in a guilty verdict. Specifically, he avers defense counsel should have inquired into the identity of the confidential informant, who was present during the drug transaction, and subpoenaed him for trial.
A claim of ineffective assistance of counsel is properly raised in a petition for post conviction relief filed in the trial court. State v. Green, 562 So.2d 35, 36-37, (La.App. 3 Cir.1990), citing State v. Burkhalter, 428 So.2d 449, 456 (La.1983). However, if the issue of ineffective counsel is raised on appeal by assignment of error, and the appeal record contains sufficient evidence to decide |fithe issue, the issue should be considered by the appellate court. State v. Seiss, 428 So.2d 444 (La. 1983).
The record in this case does not disclose the appropriate evidence needed to decide the issue of ineffective assistance of counsel. It cannot be determined from the record if defense counsel was entitled to know the identity of the confidential informant, and therefore if his failure to call the informant as a defense witness rises to the level of ineffective assistance. This assignment, therefore, would be more properly raised in a petition for post-conviction relief filed in the trial court.
ASSIGNMENT OF ERROR NO. 4:
In his last assignment of error, Black complains the trial court erred by allowing the admissibility of the photo line-up absent evidence of a physical description of the suspect and proper foundation.
*97 A defendant seeking to suppress an identification must show both that the identification itself was suggestive, and that there was a likelihood of misidentification as a result of the identification procedure. State v. Prudholm, 446 So.2d 729 (La.1984). A photographic line-up may be deemed unduly suggestive if the pictures display the defendant so singularly that the attention of the witness is focused on the defendant. State v. Flank, 537 So.2d 236 (La.App. 4 Cir.1988). A trial court’s determination on the admissibility of identification evidence is entitled to great weight and will not be disturbed on appeal in the absence of an abuse of discretion. State v. Bickham, 404 So.2d 929 (La.1981).
Black argues the trial court erred in admitting the line-up because there was no testimony given by the maker of the photo line-up as to what guidelines or criteria he used to determine what persons would be selected for the line-up. He argues further that the individuals used in the photo line-up clearly do not resemble |7eaeh other, with some individuals having facial hair where others do not, and some having hair on their heads where others do not. Further, the viewer’s attention is drawn to Black’s picture because he has a smile on his face with his teeth showing.
Black suggests that guidelines or criteria should have been given before the lineup was admitted into evidence. However, the State was not required to provide such information for the line-up to be admissible. Our review of the line-up does not indicate that the line-up was suggestive. Danny Black, number two in the line-up, resembled the men in photographs three and six. Additionally, Black and the man in photo six are both showing their teeth. Also, all of the photos are of such a bad quality that Black does not immediately stand out.
In Manson v. Brathwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977), the Supreme Court set forth factors to be considered to determine if a line-up is suggestive. Those factors include: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness’ degree of attention; (3) the accuracy of his prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.
Detective Raymond Blanco testified that when he purchased the two $20 pieces of crack cocaine, Black approached the vehicle, and the sale was conducted through the driver’s side window of the vehicle. Therefore, the detective had an unobstructed view of Black for several minutes. Det. Blanco testified that he gave Black his undivided attention throughout the transaction. According to Det. Blanco, only one hour passed between the time the drug transaction took place and |sthe time he viewed the photo line-up. Det. Blanco was quite certain about Black’s identity in the photo line-up.
Det. Blanco’s testimony alone is sufficient to establish that any corrupting effect the line-up may have had was outweighed by the Manson factors. The trial court properly allowed the line-up to be admitted.
ERRORS PATENT:
There are no errors patent.
Accordingly, for the above reasons, Danny Black’s conviction and sentence are affirmed.
AFFIRMED.

. Other changes were made also to La.Rev. Stat. 40:967, but those changes are not relevant to this appeal.