JjPETERS, J.
The defendant, Harry L. Rutland, was charged by bill of information with the offense of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1). He initially entered a plea of not guilty to the charge, but subsequently changed his plea to guilty as charged. The trial court sentenced him to serve fifteen years at hard labor without benefit of parole, probation, or suspension of sentence. After the trial court denied his motion to reconsider the sentence imposed, the defendant appealed, asserting two assignments of error: 1) that the trial court erred by denying him eligibility for “good time” credit, and 2) that the trial court erred in imposing an excessive sentence.
On March 17, 1999, the defendant was stopped in Kaplan, Louisiana, for speeding. When the officer who stopped the vehicle discovered that the license plate had apparently been switched from another vehicle, he placed the defendant under arrest and impounded the vehicle. During the booking process at the Kaplan Police Station, the defendant was searched and found to be in possession of a bag containing forty-three rocks of crack cocaine. He was then charged with the offence now before the court.
In sentencing the defendant, the trial court stated the following:
All right. Mr. Rutland, I have studied the pre[-]sentence report, which includes your record of prior offenses. I have considered the letters written in [sic] your behalf, as well as the very moving testimony of your mother.
But, as you probably are aware, the offenses for which you are convicted mandate that at least five years of the sentence be served without benefit of parole, probation,-or suspension of sentence. And so, for that reason, you are *605 ineligible for a suspended sentence as a result of this offense.
I also note that, in light of Article 894, you are also ineligible for probation because you are a third felony offender and not eligible for probation. In addition, I would note that you have previously been given the opportunity for probation, which you were not successful in, and your probation was, in fact, revoked.
While I certainly hope that you have changed since the commission of this offense, in light of the dictates of the statutory |2provisions as to the — as to the inability of this Court to suspend sentence — and, as I said, I do not feel that a suspended sentence would be appropriate in light of your record — the sentence which the Court imposes upon you for this offense is 15 years at hard labor, without benefit of parole, probation, or suspension of sentence.
I am recommending that you be placed in a facility where you can obtain evaluation and treatment for any drug problems that you may have. You are also to be given credit for any time you have served on this charge.
I note that your sentence has not been enhanced pursuant to the provisions of Louisiana Revised Statute 15:529.1 or 893.3 or any other provision of law. I note that your sentence is not entitled to diminution for good behavior under 571.3, because you were under the jurisdiction of the Department of Corrections at the time you committed this offense. You were on parole and within their jurisdiction. Therefore, you are not entitled to earn good time.
(Emphasis added.)
Assignment of Error Number One
In his first assignment of error, the defendant asserts that the trial court erred by denying him eligibility for good time credits against his sentence. In response to this assertion, the state contends that the trial court did not deny him eligibility for good time credits, but was simply attempting “to fully apprize the defendant of the law applicable to his sentence.”
While we agree that the trial court’s comments during sentencing could have been interpreted as simply explaining the law applicable to the sentence imposed, we further note that the court minutes of the February 19, 2002 sentencing hearing state that the defendant was sentenced to “FIFTEEN (15) YEARS AT HARD LABOR WITH THE LA. DEPARTMENT OF CORRECTIONS WITHOUT BENEFIT OF PROBATION, PAROLE OR SUSPENSION OF SENTENCE WITH NO DIMUNITION [sic] OF SENTENCE OR GOOD TIME.” Thus, it is clear that the trial court’s comments concerning good time credit became a part of the sentence.
“[A] trial judge lacks authority under La.R.S. 15:57[1.3](C) to deny a defendant eligibility for good time credits against his sentence,” as the authority granted by that | astatute is entirely the domain of the State of Louisiana, Department of Corrections. State v. Narcisse, 97-3161, p. 1 (La.6/26/98), 714 So.2d 698, 699. There does exist an exception under La.Code Crim.P. art. 890.1 whereby the trial court may deny diminution of sentence for good behavior if the crime for which the sentence is imposed is a crime of violence. However, in this case the defendant’s offense is not a crime of violence and does not subject him to this exception. Thus, denial of the defendant’s right to credit against his sentence for good behavior is illegal. This court may, upon review, correct an illegal sentence. La.Code Crim.P. art. 822(A).
Finding merit in this assignment of error, we amend the sentence imposed to *606 delete the provision denying the defendant’s eligibility to good time credit against his sentence.
Assignment of Error Number Two
In his second assignment of error, the defendant asserts that the trial court imposed an excessive sentence. Specifically, the defendant asserts that the trial court failed to consider mitigating factors and failed to individualize the sentence to him. We disagree with these specific assertions.
The record contains eight letters of support filed on behalf of the defendant. In sentencing the defendant, the trial court specifically stated that it considered these letters as well as the testimony of the defendant’s mother. The letters all basically suggest he should be given another chance, but contain little in terms of specifics. The defendant’s mother, Velma Marie Rutland, testified that the defendant provided assistance to her and his diabetic father and that his incarceration would cause them hardship. Acknowledging the defendant’s prior criminal record, Mrs. Rutland testified that he was “a changed person” who now goes to church, cares for his family’s needs, and now avoids friends who were involved with him in narcotics | ¿activities.' According to Mrs. Rutland, the defendant has three children whom he supports, although they apparently do not reside with him.
Against these mitigating factors, the trial court was able to weigh the information provided in the pre-sentence report, and particularly, the defendant’s past criminal record. According to the pre-sentence report, the defendant had prior convictions for simple robbery, illegal carrying of a weapon (on two separate occasions), unauthorized use of a movable, illegal possession of stolen things, and distribution of cocaine. These convictions arose from criminal activity beginning in 1987, and the defendant was on parole when he committed the offense giving rise to this conviction.
The trial court clearly considered all the mitigating factors presented to it by the defendant as well as information supplied in the pre-sentence report. Additionally, the trial court clearly individualized the sentence imposed to the defendant. Not only did the trial court consider the aggravating and mitigating factors before it, but it recommended that the defendant be placed in a facility for evaluation and treatment for substance abuse problems. Furthermore, the trial court noted that it was “not without sympathy for [the defendant’s] family” but was also required to consider how the defendant’s criminal activity “affects the public health, safety and welfare.”
The defendant’s fifteen-year sentence is in the mid-range of the sentencing provisions of La.R.S. 40:967(B)(4)(b), and the trial court has wide discretion in imposing sentences. State v. Jordan, 99-0477 (La.App. 3 Cir. 11/24/99), 747 So.2d 193. While we recognize that State v. Sepulvado, 367 So.2d 762 (La.1979), provides that a sentence which falls within the statutory range may still be excessive, we do not find this sentence excessive.
IfiTo constitute an excessive sentence this court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and therefore, is nothing more than needless imposition of pain and suffering.
State v. Brown, 94-1290, p. 9 (La.1/17/95), 648 So.2d 872, 877.
In this matter, the sentence imposed is not so grossly disproportionate to the severity of the offense as to shock our sense of *607 justice, and it does make a measurable contribution to acceptable penal goals.
Therefore, we find no merit in the defendant’s second assignment of error, considering only the arguments presented therein. However, as is set forth in the error patent analysis portion of this opinion, we do find that the defendant is entitled to some relief from his sentence.
Error Patent
Pursuant to La.Code Crim.P. art. 920, we review all criminal appeals for errors patent on the face of the record. After doing so in this case, we have found one such error not raised as an assignment of error.
The trial court’s sentence denies the defendant parole eligibility for the full fifteen-year duration of his sentence. However, La.R.S. 40:967(B)(4)(a) in effect at the time the offense was committed provided that a defendant convicted of possession of cocaine with intent to distribute cocaine,
shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence mth-out benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
(Emphasis added.)
Additionally, La.Code Crim.P. art. 893 in effect at the time of the commission of the offense provided, in pertinent part, that “[t]he court shall not suspend the sentence. |. ,fiof a second conviction [of a noncapital felony] if the second conviction is ... for a violation of the Uniform Controlled Dangerous Substance Law punishable by a term of imprisonment for more than five years.”
Thus, the trial court’s denial of probation or suspension of sentence for the full fifteen-year sentence imposed is proper because the defendant is a third-felony offender. However, the denial of the benefit of parole for anything other than the first five years of the imposed sentence is not provided for in the sentencing statute and is therefore illegal. Pursuant to the authority of La.Code Crim.P. art. 822(A), we order that the defendant’s sentence be amended to require that only the first five years of the sentence be served without the benefit of parole.
DISPOSITION
For the foregoing reasons, we amend the defendant’s sentence to provide that only the first five years of the fifteen-year sentence shall be served without benefit of parole and to delete the provision of the sentence denying the defendant eligibility for good time credit. We remand the matter to the trial court with instructions to amend the sentencing minute entry to reflect this disposition. We affirm the remainder of the sentence in all respects.
AFFIRMED AS AMENDED AND REMANDED WITH INSTRUCTIONS.