NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-809

STATE OF LOUISIANA

VERSUS

RANDALL TURNER

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 71397-398
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Jimmie C. Peters, Judges.

AFFIRMED.

William E. Tilley
District Attorney - 30th Judicial District Court
Terry W. Lambright
Assistant District Attorney - 3th Judicial District Court
P. O. Box 1188
Leesville, LA 71496
Telephone:  (337) 239-2008
COUNSEL FOR:
        Plaintiff/Appellee - State of Louisiana

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**Telephone: (337) 991-9757**
**COUNSEL FOR:**
      **Defendant/Appellant - Randall Turner**

**THIBODEAUX, Chief Judge.**

The Defendant, Randall Turner,[1] pled guilty to possession of cocaine with intent to distribute, a violation of La.R.S. 40:987. A resisting arrest charge was dismissed. The State agreed to recommend a sentence concurrent with any other sentence the Defendant was serving and further agreed not to file habitual offender proceedings. He was sentenced to twelve years at hard labor.

He appeals on the grounds of excessiveness and that the trial court failed to particularize his sentence. We affirm.

## FACTS

At the guilty plea hearing, the State made the following recitation of facts:

BY MR. SEASTRUNK:

Judge, the State contends that back on October the 2nd, 2006, that officers of the Leesville Police Department were on routine patrol over in the area known as the "Crossing" area which is characterized as a high crime drug trafficking area. That at the time they observed this defendant - engaged in a investigatory stop of this defendant and while patting him down felt a bag with hard rock like objects in the bag. They attempted to handcuff and subdue this defendant and this defendant fled from the officers. After a short foot pursuit, they captured the - apprehended the defendant. At the time, they engaged in a search incident to an arrest and found on him a bag containing approximately twelve rocks of cocaine. Those items were subsequently submitted to the Louisiana Crime Lab where they tested positive for crack cocaine. This occurred in Vernon Parish.

## LAW AND DISCUSSION

Defendant argues that his twelve-year sentence was excessive. Pursuant to La.R.S. 40:967(B)(4)(b), the sentencing range for possession of cocaine with intent

---

[1]At sentencing, the trial court noted that Defendant's first name is spelled "Randell," not "Randall." However, the latter spelling was used on the bill of information.

to distribute is two to thirty years.  He further argues the trial court failed to particularize the sentence to him.  Defendant's core arguments were raised in his motion to reconsider sentence.

The analysis for excessive sentence claims is well-settled:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment."  To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering.  *State v. Campbell*, 404 So.2d 1205 (La.1981).  The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion.  *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067.  The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.  *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

Further, the court has stated, "[t]o aid in such an analysis, the courts have employed the following three-step analysis:  'The court should consider three factors in reviewing a judge's sentencing discretion:  1.  the nature of the crime, 2.  the nature and background of the offender, and 3.  the sentence imposed for similar crimes by the same court and other courts.'  *State v. Lisotta*, 98-648, p. 4 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183."  *State v. Williams*, 06-1247, p. 20 (La.App. 3 Cir. 3/7/07), 953 So.2d 91, 105-06.

The first two *Lisotta* factors were covered in the trial court's reasons for sentence:

2

BY THE COURT:

All right, ma'am. The court considered the factors of Article 894.1 of the Code of Criminal Procedure and found the following were applicable. This is a drug case and there is always significant economic harm or impact on society in general when one is dealing in the use or distribution of illegal drugs. There are no substantial grounds which would tend to excuse or justify his conduct nor did he act under strong provocation by anyone. He's twenty-two years of age. He's single. He doesn't have any children. He is in good health. He has an employment history in that he has worked primarily as a cook in the fast food business. He has a tenth grade education plus one year at LTI. He does not have a GED. He is classified as a second felony offender in that the record reflects that he has a juvenile record in that on July 11th, 2001 in Leesville City Court he was adjudicated a delinquent for simple burglary of an inhabited dwelling. He was sent to LTI until his eighteen birthday. On January 23rd, 2002 in Leesville City Court, he was convicted of theft and he was sent to LTI and that was to run concurrent with the simple burglary offense. On October 6, 2004, - this is an adult now - in the 30th Judicial District Court he was convicted of simple burglary, simple criminal damage to property, misdemeanor grade. On the felony, simple burglary, he was given a split sentence of seven years Department of Correction [sic] but thirty months of that was to be served and forty - he was given forty months probation. When he was released on a combined parole and probation situation, that was revoked later due to these charges that he stands before me on today so his compliance of probation and parole, both - well, as an adult is, is, is poor and he has the prior felony grade convictions as a juvenile. The sentence is as follows: That he serve twelve years at hard labor with the Louisiana Department of Corrections and pay a fine of $1,200.00 plus court costs. This sentence is made to run concurrent with any other sentence he's subject to and he'll be given credit for time served since the date of his arrest which was October 3rd, 2006. The court advises you that pursuant to the Code of Criminal Procedure Article 894.1D your sentence is not subject to diminution for good behavior due to your prior simple burglary conviction. Your sentence was not enhanced upon the basis of any habitual offender proceedings. You're, further, advised that under Code of Criminal Procedure Article 914 any appeal must be taken by written motion or oral motion in open court made no later than thirty days after the judgment or ruling from which the appeal is taken. And, likewise, under Article 930.8 any proceeding for post-

conviction relief, subject to the exceptions set forth therein, must be filed within a period of two years from the date this conviction and sentence becomes final. That's the sentence of the court, ma'am.

Thus, although he is young, Defendant has a history of felony-level offenses. The present crime is his second adult felony, and he committed it while he was on probation. Regarding the third *Lisotta* factor, the Defendant's twelve-year sentence falls in the lower portion of the two-to-thirty-year range that he faced. In *State v. Rutland*, 02-425 (La.App. 3 Cir. 10/2/02), 829 So.2d 603, this court approved a fifteen-year sentence for possession of cocaine with intent to distribute for a defendant who was on parole at the time of the offense. Although the trial court and this court acknowledged the existence of mitigating factors, this court held the sentence was not excessive, stating, "[i]n this matter, the sentence imposed is not so grossly disproportionate to the severity of the offense as to shock our sense of justice, and it does make a measurable contribution to acceptable penal goals." *Id.* at 606-07.

In upholding a seventeen and one-half year sentence, the fourth circuit observed:

> In *State v. Spencer*, 29,993 (La.App. 2 Cir. 1/21/98), 707 So.2d 96, the Second Circuit found that a twenty-year sentence for distribution of cocaine and possession with the intent to distribution was not excessive for a defendant with an extensive criminal history.
>
> In *State v. Bonanno*, 384 So.2d 355 (La.1980), the Louisiana Supreme Court found that a twenty-one year sentence for distribution of cocaine was not excessive for a defendant who had no prior history of delinquency, but intended to open a new cocaine market in the Shreveport area.

*State v. Black*, 00-2674, p. 4 (La.App. 4 Cir. 12/27/01), 806 So.2d 92, 95.

4

The sentence in this case appears to comport with sentences formulated by other Louisiana courts. Further, considering all three *Lisotta* factors, we are unable to say that the trial court abused its broad sentencing discretion.

## CONCLUSION

Based on the foregoing, the Defendant's sentence is affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.