NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 10-1184 consolidated with KA 10-1185

STATE OF LOUISIANA

VERSUS

MARGARET ANN HOWARD

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NOS. 78297, 78298
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

Asa Allen Skinner
District Attorney, Thirtieth Judicial District Court
P. O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
Counsel for Appellee:
State of Louisiana

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
**Margaret Ann Howard**

**Terry Wayne Lambright**
**100 South Third Street, Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**EZELL, JUDGE.**

The Defendant, Margaret Ann Howard, was charged by bill of information filed in trial court docket number 78297 on March 24, 2010, with conspiracy to distribute Xanax, in violation of La.R.S. 14:26 and La.R.S. 40:969. On the same date, she was also charged by bill of information filed in trial court docket number 78298 with conspiracy to distribute Lorcet, in violation of La.R.S. 14:26 and La.R.S. 40:968. The Defendant entered a plea of not guilty in both docket numbers on March 30, 2010.

On April 28, 2010, the Defendant pled guilty to both charges. She was sentenced on July 28, 2010, to serve three years at hard labor on each count, to run concurrently. A motion to reconsider sentence was filed on July 29, 2010, and denied the following day.

A motion for appeal was filed on August 5, 2010, and was subsequently granted. The Defendant is now before this court asserting two assignments of error. Therein, she contends the trial court erred in denying her eligibility for good time credit and imposing excessive sentences.

**FACTS**

At the time the Defendant entered her pleas of guilty, the State set forth the following factual basis:

> On or about October the 2nd, 2009, this defendant did conspire with others to drive to the state of Texas - to Houston to obtain some prescription medication consisting of Lorcet, Xanax and others and conspire with others to do so to take her there and in exchange for the same would transfer to them some of the medication that she received through a pharmaceutical prescription at a pharmacy and then returned back here to the state of Louisiana at her address at 122[sic] Westwood Drive, Leesville, Louisiana.

1

## ASSIGNMENT OF ERROR NUMBER ONE

In her first assignment of error, the Defendant contends the trial court erred in denying her eligibility for good time credit.

At the sentencing hearing, the trial court stated the following: "I advise you, ma'am, that pursuant to the Code of Criminal Procedure Article 894.1D, your sentence is not subject to diminution for good behavior due to your prior convictions and your sentence has not been enhanced upon the basis of any habitual offender proceedings."

The Defendant cites *State v. Rutland*, 02-425, (La.App. 3 Cir. 10/2/02), 829 So.2d 603, in support of her argument that the trial court improperly denied her eligibility for diminution of sentence for good behavior. Therein, this court stated:

> "[A] trial judge lacks authority under La.R.S. 15:57[1.3](C) to deny a defendant eligibility for good time credits against his sentence," as the authority granted by that statute is entirely the domain of the State of Louisiana, Department of Corrections. *State v. Narcisse*, 97-3161, p. 1 (La.6/26/98), 714 So.2d 698, 699. There does exist an exception under La.Code Crim.P. art. 890.1 whereby the trial court may deny diminution of sentence for good behavior if the crime for which the sentence is imposed is a crime of violence. However, in this case the defendant's offense is not a crime of violence and does not subject him to this exception. Thus, denial of the defendant's right to credit against his sentence for good behavior is illegal. This court may, upon review, correct an illegal sentence. La.Code Crim.P. art. 822(A).

*Id*. at 605 (alteration in original).

The Defendant asserts that the offenses to which she pled guilty were not crimes of violence. Therefore, the trial court was without authority to deny her good time credit, and this court should correct her illegal sentences.

In *State v. James*, 09-606, p. 2 (La.App. 3 Cir. 12/9/09), 26 So.3d 915, 916, the trial court told the defendant: "I advise you, sir, -you, sir, that pursuant to the Code of Criminal Procedure, Article 894.1 D, you're [sic] sentence is not subject to diminution for good behavior based on your prior convictions." This court found the

2

trial court had merely advised the defendant pursuant to La.Code Crim.P. art. 894.1 that he was not eligible for diminution of sentence. It did not deny eligibility for diminution of sentence pursuant to La.R.S. 15:571.3, as prohibited by *State v. Narcisse*, 97-3161 (La. 6/26/98), 714 So.2d 698.

Based on this court's ruling in *James*, 26 So.3d 915, the trial court merely advised the Defendant pursuant to its obligation under La.Code Crim.P. art. 894.1 that she was not eligible for diminution of her sentences and did not deny eligibility for diminution of those sentences. Accordingly, this assignment of error lacks merit.

## ASSIGNMENT OF ERROR NUMBER TWO

In her second assignment of error, the Defendant contends her sentences are excessive.

The Defendant pled guilty to conspiracy to distribute Xanax and conspiracy to distribute Lorcet. Each offense is punishable by a term of imprisonment not to exceed five years. La.R.S. 14:26; La.R.S. 40:968; La.R.S. 40:969. The Defendant was sentenced to serve three years at hard labor on each count, to run concurrently.

> The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment, and the law is well settled with regard to what constitutes cruel or excessive punishment. An excessive sentence is a penalty that is so grossly disproportionate to the severity of the crime that it shocks our sense of justice or it makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering. *State v. Campbell,* 404 So.2d 1205 (La.1981). Additionally, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, the reviewing court should not deem as excessive a sentence imposed within statutory limits. *State v. Howard*, 414 So.2d 1210 (La.1982); *State v. Pyke,* 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. Still, a sentence that falls within the statutory limits may be excessive under the particular circumstances of a given case. *State v. Sepulvado*, 367 So.2d 762 (La.1979). Additionally, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood,* 02-490, p.11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for the reviewing court to consider is not whether another sentence would be more appropriate, but rather whether the trial

3

court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied,* 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Louisiana Code of Criminal Procedure Article 894.1(A) provides that the trial court should impose an imprisonment sentence if any of the following are established by the record:

(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.

(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.

(3) A lesser sentence will deprecate the seriousness of the defendant's crime.

Additionally, the trial court must "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." La.Code Crim.P. art. 894.1(C). However, in complying with this article, the trial court "need not articulate every circumstance or read through a checklist of items." *State v. Anderson,* 95-1688, p.4 (La.App. 3 Cir. 5/8/96), 677 So.2d 480, 483.

. . . .

Citing the supreme court in *State v. Telsee,* 425 So.2d 1251 (La.1983), the fifth circuit, in *State v. Lisotta,* 98-648, p.4 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58, *writ denied,* 99-433 (La.6/25/99), 745 So.2d 1183, suggested that:

The court should consider three factors in reviewing a judge's sentencing discretion:

1. the nature of the crime,

2. the nature and background of the offender, and

3. the sentence imposed for similar crimes by the same court and other courts.

*State v. Fontenot*, 09-1044, pp. 4-6 (La. App. 3 Cir. 5/12/10), 38 So.3d 1122, 1125-26.

At the sentencing hearing, the trial court stated the following:

She entered pleas of guilty on April the 28th, 2010, and the plea agreement with the State was that the State would dismiss number 78,295, 78,296 in return for the pleas of guilty to the two numbered matters I have called and the State agreed not to seek any habitual offender enhancement of the sentence as part of the plea agreement.[1] The court ordered a pre-sentence investigation and the court has received that report and I have reviewed its contents in determining the sentence in this case.

. . . .

. . . The court considered the factors of Article 894.1 of the Code of Criminal Procedure and found that the following were applicable. First, this is a drug case and there is significant economic harm or impact on society in general when one is dealing in the use or distribution of illegal drugs. . . . There are no substantial grounds tending to excuse or justify the defendant's criminal conduct nor did she act under strong provocation by anyone. She is fifty-five years of age. She's divorced and has three children. She is in somewhat poor health in that she is a diabetic and she claims to be on several medications at this time for various things. She is drawing currently Social Security Benefits. She has a ninth grade education. She has a history of drug and alcohol abuse - or, rather she denies any history of drug or alcohol abuse. However, she admitted that she had gotten these drugs from a doctor in Texas for some problem that she may have had regarding some pain. She does have a prior record and is classified as a third felony offender in the report. The report indicates that on June 24th, 1982 in the 30th Judicial District Court, she was convicted of felony grade theft and simple burglary and given eighteen months DOC time. That was suspended and she was placed on three years supervised probation. Then, on July 31st, 1995 in the 30th Judicial District Court, she was convicted of illegal possession of stolen property, a felony grade, and given eighteen months with the Department of Corrections and that was suspended and she was placed on supervised probation for a period of three years. She completed both of those probations satisfactorily and the last one, as I noted, was in 1995 and it's somewhat of a puzzle to me as to why she is now in the, in the business of distributing pain killers and it's, it's somewhat of a puzzle to me that she would do that, quite frankly, unless she needed the money perhaps. . . . [B]ecause it is her third felony offended[sic] - offense the court is of the opinion that she has had multiple opportunities to learn the error of her ways in the past and she hasn't and she's now in the drug culture so the court finds that the sentences and, quite frankly, probation did not deter this in the past and so it's not something the court is willing to consider at this time.

---

[1]The Defendant was charged with distribution of Xanax in docket number 78295 and distribution of Lorcet in docket number 78296.

The Defendant contends the trial court failed to give adequate consideration to her age, medical problems, and the fact that she responded well to probation in the past. The Defendant also contends the trial court failed to note that she had only two prior convictions, one in 1982 and the other in 1995, that were not drug-related, and she obtained the drugs in question with a valid prescription. The Defendant further contends that her sentences are excessive.

We find the trial court considered the nature of the crimes and thoroughly reviewed the Defendant's background at the time of sentencing. The trial court was aware of her age, medical problems, that she had two prior convictions, had been on probation, and had obtained the drugs in question with a valid prescription. "[T]here is no requirement that specific mitigating factors be given any particular weight by the sentencing court." *State v. Bey*, 03-277, pp. 11-12 (La.App. 3 Cir. 10/15/03), 857 So.2d 1268, 1275.

In light of the Defendant's status as a third felony offender, the fact that she did not receive maximum sentences, and she received a substantial benefit from the plea bargain, we find the Defendant's sentences are not excessive. Accordingly, this assignment of error lacks merit.

## CONCLUSION

The Defendant's sentences are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.

6