# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 06-541


**STATE OF LOUISIANA**

**VERSUS**

**J. G.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 19593-03
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## MARC T. AMY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.


**AFFIRMED.**

John F. DeRosier
District Attorney
Carla Sue Sigler
Assistant District Attorney
Post Office Box 3206
Lake Charles, LA   70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

Mary Constance Hanes
Louisiana Appellate Project
Post Office Box 4015
New Orleans, LA   70178-4015
(504) 866-6652
COUNSEL FOR DEFENDANT/APPELLANT:
    J. G.

AMY, Judge.

According to the factual basis supplied by the State at the defendant's guilty plea hearing, "[b]etween December 1st of 2002 and January 31st of 2003, [J.G.][1] had sexual intercourse with a female juvenile having a date of birth of April 6th, 1990 which made her approximately 12. She was his sister." On October 10, 2003, the grand jury indicted the defendant on the charge of forcible rape, a violation of La.R.S. 14:42.1. Pursuant to a guilty plea agreement, the charge was amended from forcible rape to sexual battery. The defendant entered a "best interest" plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970).

On February 15, 2006, the trial court sentenced the defendant to ten years at hard labor to be served without benefit of probation, parole, or suspension of sentence. The trial court denied the defendant's motion for reconsideration of sentence. The defendant now appeals, arguing that his sentence is excessive. For the following reasons, we affirm.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

*Excessive Sentence*

In his sole assignment of error, the defendant contends that "[t]he ten-year sentence for sexual battery is excessive under the circumstances of the case." He argues that the trial court "made only a cursory examination of [his] background" and

_____

[1] Pursuant to La.R.S. 46:1844(W), the defendant's initials have been used to protect the identity of the victim.

failed to consider "the fact that he comes from an obviously dysfunctional family."

Further, the defendant alleges that "the trial court never explained why it considers

[him] the most egregious of offenders as to warrant the maximum sentence for sexual

battery."

In *State v. Staton*, 05-612, p. 8 (La.App. 3 Cir. 2/1/06), 922 So.2d1216, 1221

(*quoting State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779

So.2d 1035, 1042-43, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331), this court

articulated the standard for reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that,"[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

At the sentencing hearing, the trial court stated that the defendant was a third

felony offender[2] and had previously pled guilty to sexual battery in 2001. The trial

court explained:

> But, look, because of your prior sex offense and because of the nature of this crime, you could have actually been looking at life imprisonment or at least a minimum -- if you'd have been multiple offender billed, even on the forcible rape you'd have been looking at a minimum of 20 years and a maximum of 80, or actually since it's -- you would be a third

---

[2] Because the defendant was under the impression that he was a second felony offender, the trial court explained that he pled guilty to simply burglary in 1998, pled guilty to sexual battery in 2001, and was pleading guilty to the present charge of sexual battery.

offender, you'd actually be looking at probably life on the multiple offender bill considering your -- the charges that you have and the current charge you have now, you'd probably -- it would either be probably 30 years to 80, or life, or somewhere along those lines.

. . . .

And I just -- I don't see -- I think to sentence you to anything less than ten years would deprecate the seriousness of the offense, in light of your criminal history and in light of the facts that were alleged here.

. . . .

I think the only appropriate sentence in this matter is a ten-year sentence, because I think you -- you were fortunate to get that reduction to the sexual battery.

We find unpersuasive the defendant's argument that the trial court only made a cursory examination of his background and that it failed to consider the fact that he comes from a dysfunctional family. The record indicates that a presentence investigation report was completed, which according to La.Code Crim.P. art. 875(A)(1) includes an inquiry "into the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, his family situation and background, economic and employment status, education, and personal habits."

At the sentencing hearing, the trial court stated that it reviewed the report. The trial court did not state for the record the defendant's personal and family history; however, there is no indication that the trial court failed to consider the information. Rather, the reasons reflect the trial court's concern with the circumstances of the offense. In *State v. Roberts*, 01-0154 (La.App. 3 Cir. 10/3/01), 796 So.2d 779, *writ denied*, 01-2974 (La. 9/20/02), 825 So.2d 1163, a panel of this court reaffirmed that the sentencing court need not articulate consideration of every circumstance in order to comply with La.Code Crim.P. art. 894.1. Additionally, the defendant failed to present any information regarding his personal and family history for the record.

Under La.R.S. 14:43.1(C), a conviction for sexual battery carries a sentence of "imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years." Here, the trial court sentenced the defendant to the maximum term allowed by statute. Given the circumstances present in the record, we find that the trial court did not abuse its discretion in imposing the maximum sentence. *See State v. Runyon*, 05-36, (La.App. 3 Cir. 11/2/05), 916 So.2d 407. The victim was the defendant's twelve-year-old sister. Furthermore, this was the defendant's second sexual offense.

We note that the State did not file a multiple offender bill, which would have exposed the defendant to a longer sentence. *See* La.R.S. 15:529.1. Further, the State entered into a plea agreement with the defendant, whereby he was allowed to plead guilty to sexual battery. The defendant was initially indicted on forcible rape, which carried a maximum sentence of forty years in prison. Given these circumstances, we find that the defendant's sentence is not excessive.

This argument lacks merit.

### DECREE

For the foregoing reasons, the defendant's sentence is affirmed.

**AFFIRMED.**