# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09- 606**

**STATE OF LOUISIANA**

**VERSUS**

**TOBY R. JAMES**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 74321
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**James E. Beal**
**Louisiana Appellate Project**
**P.O. Box 307**
**Jonesboro, La. 71251-0307**
**318-259-2391**
**Counsel for Defendant-Appellant:**
    **Toby R. James**

**Asa A. Skinner**
**District Attorney**
**Terry W. Lambright**
**Assistant District Attorney**
**P.O. Box 1188**
**Leesville, Louisiana 71446**
**Counsel for Appellee:**
    **State of Louisiana**

**PAINTER, Judge.**

On appeal, Defendant, Toby R. James, argues that his sentences are excessive because the trial court advised him that he was not eligible for diminution of sentence. For the following reasons, we affirm the sentence imposed.

## FACTS

At the Defendant's guilty plea and sentencing hearings, the State established that on June 12, 2007, the Defendant forged two checks in the amounts of $418.00 and $475.00.

On June 12, 2007, Defendant was charged by bill of information with two counts of forgery, violations of La.R.S. 14:72. Defendant was also charged with one count of theft over $300.00 and one count of theft of less than $300.00, violations of La.R.S. 14:67. In docket number 74322, Defendant was charged with driving while intoxicated (DWI), third offense, a violation of La.R.S. 14:98. Defendant was also charged with the following misdemeanors which were dismissed as part of the plea agreement: docket number 74323 - stopping, standing or parking outside business or residence districts, a violation of La.R.S. 32:141; docket number 74324 - possession with intent to introduce a controlled dangerous substance into the human body, a violation of La.R.S. 40:1023; and docket number 74325 - operating a motor vehicle upon a public highway while in possession of an open alcoholic beverage, a violation of La.R.S. 32:300.

On December 3, 2008, Defendant entered a plea of guilty to the two counts of forgery and to driving while intoxicated, third offense, a charge from an unrelated docket number. As part of the plea agreement, the remaining two charges for theft were dismissed, as well as misdemeanor charges in three other unrelated docket

1

numbers. The State also agreed that he would not be charged as a habitual offender and agreed to the recommendation of concurrent sentences and restitution in the amounts of $418.00 to Mr. Howard Trotti and $475.00 to Merchants & Farmers Bank.

Defendant was sentenced to six years at hard labor and ordered to pay a fine of $1,200.00 on each count of forgery. As a condition of each sentence, the trial court ordered Defendant to pay $418.00 in restitution to Mr. Trotti and $475.00 in restitution to Merchants & Farmers Bank. The sentences were ordered to run concurrently. The sentences for forgery were also ordered to run concurrently with his sentence for DWI, third offense.

## DISCUSSION

In his sole assignment of error, Defendant argues that his sentences are excessive because the trial court advised him that his sentences for forgery were not subject to diminution for good behavior pursuant to La.R.S. 15:571.3. Defendant asserts that the trial court was incorrect in its determination that La.R.S. 15:571.3 mandated the denial of good behavior for his forgery convictions and sentences.

After pronouncing Defendant's sentences, the trial court stated, "I advise you, sir, - you, sir, that pursuant to the Code of Criminal Procedure, Article 894.1D, you're sentence is not subject to diminution for good behavior based on your prior convictions."

Louisiana Code of Criminal Procedure Article 894.1 (D) provides:

> D. Immediately following the imposition of a felony sentence pursuant to this Article, the sentencing court **shall advise** the offender in open court of each of the following:

2

>     (1) Whether, pursuant to the provisions of R.S. 15:571.3, the offender's sentence is subject to diminution for good behavior.
>
>     (2) Whether the sentence imposed was enhanced pursuant to R.S. 15:529.1 et seq., Article 893.3, or any other relevant provision of law. (emphasis added).

The trial court complied with the requirement set forth in La.Code Crim.P. art. 894.1(D) and did not actually deny eligibility for diminution of sentence. In *State v. Narcisse,* 97-3161, p. 1 (La. 6/26/98), 714 So.2d 698, 699, the court held in pertinent part:[1]

> [A] trial judge lacks authority under La.R.S. 15:573.1(C) to deny a defendant eligibility for good time credits against his sentence, because that statute is "directed to the Department of Corrections exclusively." *State ex rel. Simmons v. Stalder*, 93-1852 (La.1/26/96), 666 So.2d 661. . . . When the sentencing court is of the opinion that a denial of diminution of sentence is warranted under the specific circumstances of the case, the trial judge's discretion should be exercised under La.C.Cr.P. 890.1(B).

In this case, the trial court merely *advised* Defendant pursuant to La.Code Crim.P. art. 894.1 that he was not eligible for diminution of sentence; it did not *deny* eligibility for diminution of sentence pursuant to La.R.S. 15:571.3, as prohibited by *Narcisse*. Accordingly, no corrective action need be taken regarding Defendant's sentences.

## CONCLUSION

Defendant's sentences are affirmed.

**AFFIRMED.**

---

[1] It appears the supreme court intended to refer to La.R.S. 15:571.3 rather than La.R.S. 15:573.1 as La.R.S. 15:571.3 concerns diminution of sentence. Louisiana Revised Statutes 15:573.1 concerns prohibited contact with the Board of Pardons.