STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-538

STATE OF LOUISIANA

VERSUS

JODY R. BALACH

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, DOCKET NO. 84717, DIV. C
HONORABLE JAMES R. MITCHELL, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of J. David Painter, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED.

Annette Roach
Louisiana Appellate Project
Post Office Box 1747
Lake Charles, Louisiana 70602-1747
(337) 436-2900
COUNSEL FOR DEFENDANT/APPELLANT:
    Jody R. Balach

**Asa A. Skinner**
**District Attorney – Thirtieth Judicial District**
**Terry W. Lambright**
**Assistant District Attorney**
**Post Office Box 1188**
**Leesville, Louisiana  71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**GENOVESE, Judge.**

In this criminal case, Defendant, Jody R. Balach, pled guilty as charged to two counts of theft of a motor vehicle valued at more than $500.00 but less than $1,500.00, a violation of La.R.S. 14:67.26(C)(2). As part of the plea agreement, the State dismissed two other pending charges against Defendant and agreed not to pursue habitual offender enhancement. Defendant was sentenced to serve five years at hard labor and pay a fine of $1,000.00 plus court costs on each count to run concurrently. Defendant's Motion to Reconsider Sentence was denied. He appeals, alleging excessive sentences. For the following reasons, we affirm Defendant's sentences.

## FACTUAL BACKGROUND

At Defendant's guilty plea hearing, the State presented the following factual basis:

> [O]n or about September the 11th, 2012[,] in Vernon Parish, defendant committed the offense of Theft of a Motor Vehicle in that he intentionally took a 1999 Ford Taurus from a residence located at 7449 Kurthwood Road belonging to an individual by the name of Jessica Hill without her permission and with the intent of permanently disposing of that vehicle, which he did at Harvey's Auto Parts. The value of the vehicle was approximately $1100. This took place in Vernon Parish. Count number two, same offense, on September 13, 2012[,] in Vernon Parish, he intentionally took a 1994 Dodge Truck from the same area, 7449 Kurthwood Road, Leesville, Louisiana, Vernon Parish, belonging to an individual by the name of Lloyd Wayne Henderson without that person's knowledge or permission and disposed of that vehicle also at Harvey's Auto Parts with the intent to permanently deprive the owner of that property, which was valued at approximately $800.

In his interview with Detective Misti Bryant of the Leesville Police Department, Defendant admitted that he sold a Taurus to Harvey's Auto Parts (Harvey's) for $268.96 on September 11, 2012, and that he sold the truck to Harvey's for $352.60 on September 13, 2012.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent; however, we do find that the commitment order and court minutes of the guilty plea proceeding and sentencing require correction.

Defendant was charged with, pled guilty to, and was sentenced on two counts of theft of a motor vehicle valued at $500.00 or more but less than $1,500.00. However, the court minutes of the guilty plea proceeding, the sentencing, and the commitment order all reflect the convictions as theft *over* $1,500.00. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Accordingly, we order the trial court to amend the minute entries and the commitment order to reflect the correct convictions. *See State v. Nguyen*, 10-483 (La.App. 3 Cir. 2/2/11), 55 So.3d 976, *writ denied*, 11-285 (La. 6/17/11), 63 So.3d 1038.

## ASSIGNMENT OF ERROR

Defendant contends his sentences are excessive, constitute cruel and unusual punishment, and violate federal and state constitutions. This court has previously discussed the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article 1], § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the

trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

Defendant was exposed to a sentence of up to five years with or without hard labor and/or a fine of up to $2,000.00 for each of his convictions for theft of a motor vehicle. La.R.S. 14:67.26(C)(2). Thus, he received the maximum time and half the fine possible for each offense.

Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[; however,] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983) (citing *State v. Ray*, 423 So.2d 1116 (La.1982); *State v. Keeney*, 422 So.2d 1144 (La.1982); *State v. Duncan*, 420 So.2d 1105 (La.1982)). "[M]aximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst kind of offender." *State v. Quebedeaux*, 424 So.2d 1009, 1014 (La.1982) (citing *State v. Jones*, 398 So.2d 1049 (La.1981)).

3

"The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D).

Theft of a motor vehicle is not a crime of violence. *See United States v. Charles*, 301 F.3d 309 (5th Cir. 2002). According to Detective Bryant's investigative progress report, the victims in this case seemed interested only in obtaining the license plates from their respective vehicles; nothing in the record indicates they sought restitution or were concerned about losing the value of their vehicles.

We note that the trial court was in error in considering Defendant's circumstances. At the plea hearing, Defendant testified he had eleven years of education and was employed as a moving contractor by Shapkoff Moving and Storage before his incarceration. He also stated he has epilepsy, that he had taken medication for that condition about two months before the hearing, and that he had "a doctor's appointment lined up now for it" at the time of the plea hearing.

At the sentencing hearing, the trial court judge noted its consideration of the factors of La.Code Crim.P. art. 894.1 and commented that Defendant "apparently is in excellent health." He stated that he had "no information about any kind of employment record" and noted that Defendant had a tenth grade education. The trial court's statements are incorrect, and it relied on misinformation in crafting Defendant's sentences. However, Defendant's appeal only contends that his sentences are excessive, not that they are based on incorrect facts. Therefore, we do not consider those factual errors in our review of Defendant's appeal. Uniform Rules—Courts of Appeal, Rule 1–3.

As correctly set forth by the trial court judge, Defendant "is considered as a third offender classification." He noted that Defendant has a prior criminal history of "Possession of Marijuana with Intent and ordered to serve seven years, which

was suspended. That probation was ultimately revoked. In 2008, he pled guilty to the offense of Attempted Possession of Alprazolam, was given a two and one-half year sentence, and that probation was revoked." While these charges were pending, Defendant was charged with two other offenses that allegedly occurred on April 30, 2013.[1] The trial court judge stated the he did not believe Defendant was eligible for probation or "that he would respond favorably to any probationary treatment anyway," and noted that Defendant was thirty-two years old at the time of sentencing, had four children, and had received treatment for his prior drug and alcohol abuse.

Defendant contends he received limited benefit from his plea bargain because the dismissed charges involved the same stolen items he was convicted of possessing in docket number 85196. However, we note that the State also waived its right to charge Defendant as a habitual offender. As a third felony offender, Defendant could have been sentenced to a term of forty months to ten years and/or a fine of $1,340.00 to $4,000.00. La.R.S. 15:529.1(A)(3)(a). Even though his five-year sentences exceed the minimum term he could have received as a multiple offender, he faced a potential exposure of a significantly longer term and a significantly higher fine. Defendant clearly received substantial benefit from his plea bargain.

We find the trial court did not abuse its broad sentencing discretion in imposing maximum sentences for theft of motor vehicles, even though lesser sentences may have been appropriate. Defendant had two prior felony convictions and did not successfully complete his probation in either matter. The trial judge, best able to particularize the sentences, believed that Defendant would not respond

---

[1] Defendant pled guilty to one of the charges (a felony consisting of possession of stolen things over $1,500.00) under docket number 85196 on the same date he pled guilty to the charges in this matter, and the other charge was dismissed.

5

well to probation and that lesser sentences would deprecate the severity of Defendant's conduct. Defendant's assignment of error lacks merit.

## DISPOSITION

Defendant's sentences are affirmed, and we order the trial court to amend its court minutes of Defendant's guilty plea, his sentencing, and his commitment order to accurately reflect his convictions.

**AFFIRMED.**