STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-1116

STATE OF LOUISIANA

VERSUS

STEPHON ENRIQUE FALLON

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 25908-12
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED WITH INSTRUCTIONS.**

John F. DeRosier
District Attorney
Karen C. McLellan
Assistant District Attorney
901 Lakeshore Drive, Suite 800
Lake Charles, LA 70601
(337) 437-3400
COUNSEL FOR APPELLEE:
     State of Louisiana

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 80006**
**Lafayette, LA   70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Stephon Enrique Fallon**

**AMY, Judge.**

Pursuant to a plea agreement, the defendant pled guilty to one count of sexual battery, a violation of La.R.S. 14:43.1. For that conviction, the trial court imposed a sentence of ten years at hard labor, with credit for time served. The defendant appeals. For the following reasons, we affirm with instructions.

## Factual and Procedural Background

In the instant matter, the defendant, Stephon Enrique Fallon, was charged with one count of sexual battery, a violation of La.R.S. 14:43.1. Thereafter, pursuant to a plea agreement, the defendant pled guilty to that charge, and the State dismissed the charges in two other docket numbers. The record indicates that in one of those matters, the charges were two counts of aggravated incest and one count of aggravated rape.[1] In the other matter, the charge was one count of cruelty to a juvenile, a violation of La.R.S. 14:93. Further, the State agreed that the defendant would be sentenced under the provisions of La.R.S. 14:43.1(C)(1).

Thereafter, for the defendant's sole conviction, the trial court sentenced the defendant to ten years at hard labor, with credit for time served. The trial court noted that the credit for time served would include any time spent in incarceration in connection with the defendant's charges under the other two docket numbers.

The defendant appeals, asserting that his sentence is excessive.

---

[1] Pursuant to 2014 La. Acts No. 177, aggravated incest—formerly codified as La.R.S. 14:78.1—was repealed by the legislature, and the elements and penalties of that crime are now found in the aggravated crimes against nature statute, La.R.S. 14:89.1. Aggravated rape, La.R.S. 14:42, was amended by the legislature pursuant to 2015 La. Acts No. 256 and was renamed first degree rape.

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, this court reviews all criminal appeals for errors patent on the face of the record. An error patent is one which "is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La.Code Crim.P. art. 920(2). Having performed such a review, we note two issues requiring discussion by this court.

First, the trial court failed to order that the defendant's sentence be served without benefit of probation, parole, or suspension of sentence. The defendant was sentenced pursuant to La.R.S. 14:43.1(C)(1), which provides that "[w]hoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years." La.R.S. 14:43.1(C)(1). The record reflects that the defendant was sentenced to "ten years at hard labor. He will get credit for time served." The trial court later opined that the defendant "will not receive any diminution for good behavior and will do the full ten years[,]" an acknowledgement that the defendant's sentence was to be served without benefit of probation, parole, or suspension of sentence. However, the trial court made no specific statement ordering that the defendant's sentence be served without the benefit of probation, parole, or suspension of sentence.

Louisiana Revised Statutes 15:301.1(A) provides that:

> When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of

2

the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.

Accordingly, the requirement that any sentence under the relevant sentencing provision, La.R.S. 14:43.1(C)(1), is to be served without the benefit of probation, parole, or suspension of sentence is self-activating. Thus, given the self-activating nature of that provision, we find no need to correct the failure to specify that the defendant's sentence for sexual battery is to be served without the benefit of probation, parole, or suspension of sentence. *See State v. Tillery*, 14-429 (La.App. 5 Cir. 12/16/14), 167 So.3d 15, *writ denied*, 15-106 (La. 11/6/15), 180 So.3d 306.

Second, we find that the minutes of sentencing and the commitment order require correction. The transcript from the sentencing hearing reflects that, with regard to the defendant's eligibility for diminution for good behavior, the trial court stated:

> It is the Court's opinion that [the defendant] will not receive any diminution for good behavior and will do the full ten years. There's been no enhancement or 15:529.1 or 893.3. His release date will be ten years from the date that he was initially incarcerated from the time of his arrest. The Court will defer [sic] DOC to make any calculations they feel are appropriate based on jurisprudential and legislative guidelines.

However, the minutes of that hearing indicate that "[t]he Court further orders that the defendant is to [sic] not allowed diminution for good behavior while incarcerated. The Court orders that the defendant's release date is to be ten (10) years from the date of arrest, with credit given for time served." Further, the Uniform Commitment Order states that "[t]he Court orders the defendant to serve 10 years at hard labor without diminution for good behavior with credit being

given for time served in this docket number and the dismissed docket numbers of 18439-12 and 4859-14."

It is well-settled that "when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 798 So.2d 62. Here, given the context of the trial court's remarks, we conclude that the trial court was referring to La.R.S. 14:43.1's limitation on the defendant's eligibility for the benefits of probation, parole, or suspension of sentence. [2] Although the minutes and commitment indicate that the trial court ordered that the defendant be denied eligibility for diminution of sentence for good behavior, we do not find that the trial court's comments indicate that it actually did so. Accordingly, we order the trial court to amend the minute entries and the commitment order to reflect that the Department of Corrections is to make any calculations as appropriate based on jurisprudential and legislative guidelines. *See State v. Balach*, 14-538 (La.App. 3 Cir. 11/5/14), 150 So.3d 547.

*Excessive Sentence*

The defendant contends that his sentence is unconstitutionally excessive. Specifically, he contends that, as a youthful first offender, the maximum sentence imposed for his conviction is excessive.

The defendant was convicted of sexual battery, a violation of La.R.S. 14:43.1. The relevant sentencing provision of that statute states that "[w]hoever commits the crime of sexual battery shall be punished by imprisonment, with or

---

[2] Even if the trial court was referring to the defendant's eligibility for diminution of sentence pursuant to La.R.S. 15:571.3 ("good time") as opposed to the restriction on the benefits of probation, parole, or suspension of sentence contained in La.R.S. 14:43.1(C)(1), we note that "a trial judge lacks authority under La.R.S. 15:573.3(C) to deny a defendant eligibility for good time credits against his sentence, because that statute is 'directed to the Department of Corrections exclusively.'" *State v. Narcisse*, 97-3161, p. 1 (La. 6/26/98), 714 So.2d 698, 699.

4

without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years." La.R.S. 14:43.1(C)(1). The record reflects that the defendant was sentenced to "ten years at hard labor. He will get credit for time served." As discussed in the error patent review, any sentence under that provision is without the benefit of probation, parole, or suspension of sentence.

We initially note that the defendant filed a motion for reconsideration wherein he contended that his sentence was excessive because "he received the maximum sentence for the offense for which he was convicted, without any portion of it suspended, and considering the nature of the offense is such that he will receive no diminution of sentence, and that he was a first felony offender[.]" On appeal, the defendant raises additional mitigating factors in support of his argument that his sentence is unconstitutionally excessive. However, La.Code Crim.P. art. 881.1(E) provides that:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Accordingly, we do not address the additional mitigating factors raised by the defendant in his appellate brief.

An appellate court's review of excessive sentence claims is well established. This court, in *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, reiterated the relevant jurisprudence, stating:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution

to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

We note that maximum sentences are generally reserved for the worst offenders and the worst offenses. *State v. Fontenot*, 09-624 (La.App. 3 Cir. 12/9/09), 25 So.3d 225.

Further, in *State v. Ray*, 12-1217, p. 11 (La.App. 3 Cir. 5/1/13), 157 So.3d 13, 20, this court expounded on the factors an appellate court may consider in making such a decision, stating:

> In deciding whether a sentence shocks our sense of justice or makes no measurable contribution to acceptable penal goals, the appellate court may consider several factors, including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-606 (La.7/6/00), 766 So.2d 501. However, sentences must be individualized to the offender and the offense committed. *State v. Smith*, 02-719 (La.App. 3 Cir. 2/12/03), 846 So.2d 786 (quoting *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991), *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061).

Having reviewed the record, we conclude that the trial court did not abuse its discretion and that the defendant's ten-year sentence for sexual battery is not unconstitutionally excessive. Our review indicates that the defendant's maximum sentence is comparable to those imposed in similar crimes. In *State v. Morgan*, 97-997, 97-998 (La.App. 3 Cir. 2/4/98), 706 So.2d 1084, in connection with offenses against two victims, the defendant was charged in two separate docket numbers. In each docket number, the defendant was charged with two counts of sexual battery

6

and one count of indecent behavior with a juvenile, violations of La.R.S. 14:43.1 and 14:81. Thereafter, the defendant pled guilty to one count of sexual battery in each docket number and the remaining charges were dismissed. The trial court imposed the maximum sentence in each count—ten years at hard labor—and ordered that the defendant's sentences run concurrently. The defendant appealed his sentences as excessive. This court affirmed the defendant's sentences, noting that the defendant had previously been convicted of a similar offense, that the victims were both under the age of thirteen, and that one victim had "the mental age of a five to six-year-old." *Morgan*, 706 So.2d at 1085. The court also noted that the defendant received a significant reduction in his sentencing exposure as a result of his plea agreement.

In *State v. Fontenot*, 25 So.3d 225, the defendant was initially charged with six counts of sexual battery and ultimately pled guilty to three counts of sexual battery. The trial court imposed a sentence of ten years at hard labor on each count, to run concurrently, without benefit of probation, parole, or suspension of sentence. The defendant appealed his sentences as excessive. A panel of this court affirmed the defendant's sentences. The court noted that although the defendant, a first felony offender, was sentenced to the maximum term of imprisonment, he received the benefit of a plea bargain and a benefit in that his sentences were imposed concurrently as opposed to consecutively. The court also noted that the charges all involved a single victim, who was between the ages of seven and eight at the time the offenses occurred, and was a family member of the defendant. *See also State v. J.G.*, 06-541 (La.App. 3 Cir. 9/27/06), 939 So.2d 655.

With regard to the nature of the offense and the circumstances of the offender, the State asserted at the defendant's guilty plea hearing that, if the matter

7

had gone to trial, it could prove that the defendant "intentionally touched the vaginal area of [the victim] with his hands during that time period. And, this was without the consent of the victim." The bill of indictment indicates that the victim's birthday was in 2001 and that the offense occurred 2012. The record further indicates that the defendant was twenty-one years old at the time of the offense and is a high school graduate who has held general labor jobs. The trial court was privy to a pre-sentencing investigation and noted that the defendant had himself been a victim of abuse as a child and had expressed remorse for his actions.

Further, the trial court considered the La.Code Crim.P. art. 894.1 factors at the hearing. The trial court specifically noted that the defendant was a first offender but that he had "two other significant charges under other dockets that were dismissed by the State." The trial court also noted that it was of the opinion that "pr[e]ying on the children of our society is probably the most significant offense that can be done[;]" that the defendant knew that his victim was particularly vulnerable and incapable of resistance because of her extreme youth; that the trial court felt that the defendant was a child predator, even if he had not been specifically diagnosed as one; and that the court was most significantly concerned that the defendant's conduct would reoccur.

We additionally observe that, as part of his plea agreement, the State agreed to *nolle prosse* the charges in two additional docket numbers, which significantly reduced the defendant's sentencing exposure. The charges in those two docket numbers were two counts of aggravated incest, violations of La.R.S. 14:78.1; one count of aggravated rape, a violation of La.R.S. 14:42; and one count of cruelty to a juvenile, a violation of La.R.S. 14:93. The record is unclear as to the dates of all

of the defendant's alleged offenses and which of the sentencing provisions of the former crime of aggravated incest, a violation of former statute La.R.S. 14:78.1, would have been applicable. However, the minutes from February 7, 2014, indicate that the State amended the dates of the alleged offenses in that case to November 1, 2008, through November 30, 2008. The sentencing provisions of La.R.S. 14:78.1(D) provided at that time for a term of imprisonment ranging from five years, with or without hard labor, to ninety-nine years at hard labor, with at least twenty-five years being without the benefit of probation, parole, or suspension of sentence. *See* La.R.S. 14:78.1(D)(1) and (2). Aggravated rape (now first-degree rape), a violation of La.R.S. 14:42(D), provided for life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The sentencing provisions of cruelty to a juvenile, La.R.S. 14:93(D), provide for a fine, a term of imprisonment for not more than ten years, with or without hard labor, or both.

Although the defendant was a first felony offender, he had been charged with four other counts—three of which were sexually-based offenses—that were dismissed pursuant to his plea agreement with the State. As a result, the defendant's sentencing exposure was significantly reduced. As stated in *State v. Nash*, 12-1146, p. 10 (La.App. 3 Cir. 4/3/13), 112 So.3d 409, 415-16, it is well-settled that:

> If the offense to which the defendant has pled guilty does not adequately describe the entire course of the defendant's conduct, the trial court may consider the benefit obtained by the defendant pursuant to [the] plea bargain, especially in those cases where the plea bargain results in a significant reduction in the defendant's sentencing exposure.

Further, the trial court felt that the defendant was a "child predator," even if he had not been diagnosed as one, and expressed significant concern that the defendant would reoffend. Accordingly, we find that the trial court did not abuse its broad discretion in imposing sentence.

This assignment of error is without merit.

## DECREE

For the foregoing reasons, the sentence of the defendant, Stephon Enrique Fallon, for sexual battery, a violation of La.R.S. 14:43.1, is affirmed. Further, the trial court is ordered to amend the minute entries and the commitment order to reflect that the Department of Corrections is to make any calculations as appropriate based on jurisprudential and legislative guidelines.

**AFFIRMED WITH INSTRUCTIONS.**