NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-792

STATE OF LOUISIANA

VERSUS

JAMES TOUPS

**********
ON WRIT OF CERTIORARI FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA
DOCKET NUMBER 14-CR-1410
HONORABLE LORI A. LANDRY, JUDGE

**********

**JOHN E. CONERY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, John E. Conery, and Van H. Kyzar, Judges.

**REVERSED AND REMANDED.**

**Richard Allen Spears**
**101 Taylor Street**
**New Iberia, Louisiana 70560**
**(337) 367-1960**
**COUNSEL FOR DEFENDANT/APPLICANT:**
   **James Toups**

**M. Bofill Duhe**
**District Attorney**
**Claire Howingon**
**Angelique M. Narcisse**
**Assistant District Attorneys**
**Sixteenth Judicial District**
**300 Iberia Street, Suite 200**
**New Iberia, Louisiana 70560**
**Telephone: (337) 369-4420**
**COUNSEL FOR RESPONDENT:**
   **State of Louisiana**

**CONERY, Judge,**

On May 3, 2016, Defendant James Toups pled guilty to misdemeanor domestic abuse battery, in violation of La.R.S. 14:35.3(C). On May 5, 2016, Defendant was sentenced to the maximum six months in parish jail, without diminution of sentence and with credit for time served. He was also ordered to pay a $500.00 fine plus court costs or else to serve an additional thirty days in parish jail. Defendant now seeks review of his sentence, alleging the trial court erred in dictating whether he could receive diminution of his sentence and in ordering him to serve more than the maximum six months in jail authorized by La.R.S. 14:35.3(C) if he fails to pay his fine. Per his writ application, Defendant received bail after conviction and is currently not serving his sentence.

## TIMELINESS

Initially, we note that Defendant filed his notice of intent in May of 2016, and the trial court granted Defendant thirty days "from the date of notice of the filing of the transcript in the record to file a writ application with the Third Circuit Court of Appeals" on May 19, 2016. The transcript is dated December 29, 2016; however, the Clerk of Court file stamp on the transcript is August 1, 2017. Defendant postmarked his writ application to this court on August 31, 2017. Accordingly, we find that the application is timely filed despite the unexplained discrepancy between the transcript's signature date and filing date.

## ASSIGNMENT OF ERROR NUMBER ONE

We initially note that Defendant's writ application is deficient, as it fails to include the bill of information, as required by Uniform Rules—Courts of Appeal, Rule 4-5, and a copy of all the exhibits introduced during Defendant's sentencing, as required by La.Code Crim.P. art. 912.1. However, we find that Defendant's

writ application should not be dismissed as deficient, but should be considered on the merits as the deficiencies do not prevent review of Defendant's claims.

Although neither of Defendant's assigned errors were raised in the trial court, they both constitute errors patent. This court has previously stated that errors patent "review may also be conducted in applications for supervisory writs." *State v. Price*, 583 So.2d 499, 500 (La.App. 3 Cir. 1990), *writ denied*, 589 So.2d 494 (La.1991).

In his first assignment of error, Defendant argues that the trial court lacked authority to deny him any type of good time credit when it ordered him to serve his sentence "day for day." Defendant is correct. Louisiana Revised Statutes 15:571.3(A)(1) states that:

> Every prisoner in a parish prison convicted of an offense and sentenced to imprisonment without hard labor, except a prisoner convicted a second time of a crime of violence as defined by R.S. 14:2(B), may earn a diminution of sentence, to be known as "good time", by good behavior and performance of work or self-improvement activities, or both.

Additionally, under La.R.S. 15:571.3(A)(2), "[t]he sheriff of the parish in which the conviction was had shall have the sole authority to determine when good time has been earned in accordance with the sheriff's regulations and the provisions of this Section." The power to determine good time eligibility and calculations is granted solely to the sheriff (or the superintendent of any correctional facility not operated by a sheriff). This court and the supreme court have repeatedly stated that trial judges lack authority to deny good time eligibility. *See State v. Narcisse*, 97-3161 (La. 6/26/98), 714 So.2d 698; *State v. Fallon*, 15-1116 (La.App. 3 Cir. 4/6/16), 189 So.3d 605; and *State v. James*, 09-606 (La.App. 3 Cir. 12/9/09), 26 So.3d 915. Accordingly, the trial court exceeded its authority

2

when it ordered Defendant's sentence be served without diminution for good behavior.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Defendant asserts the trial court exceeded its sentencing authority when it ordered him to serve an additional thirty days in parish jail if he failed to pay a $500.00 fine after it had already ordered him to serve a six-month sentence, the maximum sentence allowable under La.R.S. 14:35.3(C). Again, Defendant is correct, as the imposition of the additional thirty days in the parish jail would result in Defendant serving a longer sentence than is allowed under the statute he was convicted of violating. As Defendant notes in his writ application, La.Code Crim.P. art. 884 specifically prohibits what the trial court did in the case *sub judice*.

> If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year; provided that where the maximum prison sentence which may be imposed as a penalty for a misdemeanor is six months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in payment of a fine or costs, shall not exceed six months for that offense.

The law is clear, for a misdemeanor conviction with a maximum sentence of incarceration of six months, the total time served between the sentence and additional time for failure to pay a fine cannot exceed six months. Defendant's sentence exposes him to thirty days more than the maximum sentence allowed by law. In *State v. McMillan*, 02-181 (La.App. 3 Cir. 6/12/02), 819 So.2d 503, this court held that a suspended maximum sentence with a probation condition that the defendant serve ninety days in parish jail exposed the defendant to a term of imprisonment that exceeded the maximum allowed. Similarly, Defendant's sentence exposes him to a term of imprisonment that exceeds the maximum by

3

thirty days.  Accordingly, his sentence is illegally excessive and is hereby vacated and the matter remanded to the trial court for resentencing in accordance with this ruling and the applicable law.

**REVERSED AND REMANDED.**

**This opinion is <u>NOT DESIGNATED FOR PUBLICATION.</u>**
**Uniform Rules—Courts of Appeal, Rule 2-16.3.**