# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-507


**STATE OF LOUISIANA**

**VERSUS**

**DAMON BROUSSARD**



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 86412
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## D. KENT SAVOIE
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Van H. Kyzar, and Gary J. Ortego, Judges.


**SENTENCE VACATED; REMANDED FOR RESENTENCING WITH ADVISEMENT.**

**Donald Dale Landry**
**District Attorney**
**Glynn Shelly Maturin, II**
**Assistant District Attorney**
**Fifteenth Judicial District Court**
**Post Office Box 288**
**Crowley, Louisiana 70526**
**(337) 788-8831**
**COUNSEL FOR APPELLEE:**
 **State of Louisiana**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**Post Office Box 1481**
**Monroe, Louisiana 71210**
**(318) 855-6038**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Damon Broussard**

**SAVOIE, Judge.**

Defendant, Damon Broussard, was charged by bill of information with molestation of a juvenile under the age of thirteen, a violation of La.R.S. 14:81.2. He was convicted by a unanimous jury verdict of the charged offense and sentenced to serve forty years at hard labor. Defendant is before this court appealing his sentence and the denial of his motion to reconsider sentence. For the following reasons, we vacate Defendant's sentence and remand for resentencing with advisement.

## FACTS

Defendant's daughter, D.B., testified at trial regarding an incident that occurred on Halloween night in October 2010, when she was eight years old and staying with her father in his camper after he and her mother divorced. Defendant, dressed in costume, went to a bar near his camper while she stayed home. He returned home after the bar closed, and she recalled him undressing and getting in bed with her. He "big spooned"/cuddled up next to her, and he put his hand under her panties and inserted his finger in her vagina. She got up and left the room. The two did not discuss what happened.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find two errors concerning Defendant's sentence, one which is raised in conjunction with his excessive sentence claim, discussed below.

As for the error patent that is not raised, we find the trial court erred in denying diminution of sentence when it imposed Defendant's sentence. The trial court stated:

> Your sentence is not entitled to diminution for good behavior, under the provisions of 15:537, because you stand convicted of a violation of Subpart A(1) of Part 5 of Title 1 of - - I'm sorry - - of Chapter 1 of Title 14 - - namely, molestation of a juvenile.

Neither the court minutes nor the commitment order mention diminution of sentence.

As recently explained in *State v. Monceaux*, 22-28, p. 6 (La.App. 3 Cir. 6/1/22), 340 So.3d 201, 206, this court is often called upon to determine whether a trial court's statement constituted an actual denial of diminution of sentence or whether it was merely an advisement:

> We first address whether the trial court "denied" diminution of sentence. Such a denial by the trial court would constitute error as the supreme court has held that the provisions of La.R.S. 15:537(A), which prohibits diminution of sentence for certain sex offenders, and the provisions of La.R.S. 15:571.3, which sets forth the guidelines for diminution of sentence for all prisoners, do not form part of the sentence. *State v. Prejean*, 08-1192 (La. 2/6/09), 999 So.2d 1135 (per curiam). The guidelines are instead directives to the Department of Corrections in computing an inmate's sentence. *Id. See also State v. Fallon*, 15-1116, p. 4 (La.App. 3 Cir. 4/6/16), 189 So.3d 605. Both the supreme court and this court have repeatedly stated that trial judges lack authority to deny diminution of sentence. *See State v. Narcisse*, 97-3161 (La. 6/26/98), 714 So.2d 698; *Fallon*, 189 So.3d 605. In cases in which the trial court has been found to deny diminution [of] sentence, this court has corrected the sentencing error. *See, e.g., State v. Davis*, 19-562 (La.App. 3 Cir 2/5/20), 291 So.3d 246, *writ granted on other grounds*, 20-392 (La. 6/3/20), 296 So.3d 1041; *Fallon*, 189 So.3d 605.

Finding the statement was merely an advisement, this court in *Monceaux* stated:

> We conclude the trial court's reference to diminution of sentence in the present matter was likewise merely an advisement and, therefore, not an error requiring correction. Namely, the trial court's passing reference, including its offering of its "position," differentiates this matter from one in which a trial court's reference to diminution of sentence was found to be a denial of that benefit. *See, e.g., Davis*, 291 So.3d at 251 (wherein the trial court definitively stated: "You are not entitled to diminution for good behavior."). Moreover, in *Davis*, the minutes of sentencing indicated that

2

Defendant was not entitled to diminution for good behavior. *Id.* In contrast, the minutes of the sentencing in the present case are silent as to diminution.

*Id.* at 207.

In *State v. Samuel*, 19-408, p. 9 (La.App. 3 Cir. 2/5/20), 291 So.3d 256, 262-63, *writ denied*, 20-398 (La. 7/24/20), 299 So.3d 77, this court also found the trial court's statement was merely an advisement:

> At sentencing, the trial court stated the following regarding diminution of sentence:
>
> > [T]he law tells me I have to sentence you under [La.R.S.] 14:42[ (B) 2] and through C(b) (sic) to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence; this is a crime of violence and a sex offense and is not subject to diminution for good behavior; it is not an enhanced sentence[.]
>
> The trial court's statement that the sentence is not subject to diminution could be interpreted as a denial of diminution of sentence by the trial court. In *State v. Burton*, 18-935, p. 2 (La.App. 3 Cir. 6/5/19), 274 So.3d 122, 126-27, this court held:
>
> > Although La.Code Crim.P. art. 894.1(D) previously required the trial court to advise a defendant of whether his sentence was subject to diminution for good behavior, the article was amended in 2010 to delete that requirement. 2010 La. Acts. No. 350, § 1; *See also State v. D.G.H.*, 07-524 (La.App. 3 Cir. 10/31/07), 969 So.2d 1254. Thus, at the time the trial court imposed the present sentences, La.Code Crim.P. art. 894.1(D) no longer required such an advisement. Prior to the amendment this court distinguished between an advisement and an actual denial of diminution of sentence, finding no corrective action was needed if the trial court merely advised a defendant that his sentence was not subject to diminution. *State v. James*, 09-606, p. 3 (La.App. 3 Cir. 12/9/09), 26 So.3d 915, 917.
>
> We interpret the trial court's statement simply as an advisement that Defendant's sentence was not subject to diminution and not as a denial by the trial court of diminution of sentence. We further note that the trial court is no longer required to "advise" a defendant as to whether his sentence is subject to diminution. La.Code Crim.P. art. 894.1(D).

*See also State v. Watson*, 21-725, p. 7 (La.App. 3 Cir. 4/27/22), 338 So.3d 95, 100, where this court found the trial court's statement "[t]hese sentences are crimes of violence and are not subject to diminution for good behavior" was merely advisory.

In *State v. Davis*, 19-562, pp. 8-10 (La.App. 3 Cir 2/5/20), 291 So.3d 246, 251-52, *writ granted on other grounds*, 20-392 (La. 6/3/20), 296 So.3d 1041, *reversed and remanded on other grounds*, 19-562 (La.App. 3 Cir. 7/29/20), 304 So.3d 559 (footnote omitted), this court treated the trial court's statement as an actual denial of diminution of sentence:

> After stating the number of years imposed for Defendant's sentence, the trial court informed Defendant that upon his release, he would be required to register as a sex offender for the remainder of his life and that he would be required to be electronically monitored in accordance with La.R.S. 14:43.1(C)(4). The trial court then stated:
>
> > Mr. Davis, your sentence has not been enhanced pursuant to the provisions of the Habitual Offender Act, nor has it been enhanced because there was no evidence of any use of firearm. You are not entitled to diminution for good behavior.
>
> The minutes of sentencing also state that Defendant is not entitled to diminution for good behavior.
>
> Although La.Code Crim.P. art. 894.1(D) previously required the trial court to advise a defendant of whether his sentence was subject to diminution for good behavior, the article was amended in 2010 to delete such requirement. 2010 La. Acts No. 350, § 1; *see also State v. D.G.H.*, 07-524 (La.App. 3 Cir. 10/31/07), 969 So.2d 1254. Thus, at the time the trial court imposed the present sentence, La.Code Crim.P. art. 894.1(D) no longer required such an advisement. When La.Code Crim.P. art. 894.1(D) did require such an advisement, this court distinguished between an advisement and an actual denial of diminution of sentence, finding no corrective action was needed if the trial court merely advised a defendant that his sentence was not subject to diminution. *State v. James*, 09-606 (La.App. 3 Cir. 12/9/09), 26 So.3d 915.

4

Although we could find that the trial court's statement was merely an advisement, we will proceed as if it was an actual denial of diminution of sentence. The trial court was no longer required by La.Code Crim.P. art. 894.1(D) to advise Defendant of whether his sentence was subject to diminution of sentence. Thus, the trial court's statement regarding diminution of sentence could be regarded as an actual denial of diminution of sentence. *See State v. Burton*, 18-935 (La.App. 3 Cir. 6/5/19), 274 So.3d 122, where this court found a similar statement by the trial court was an actual denial of diminution of sentence rather than a mere advisement.

Accordingly, Defendant's sentence should be amended to delete such statement, as the trial court was not authorized to deny diminution of sentence. The supreme court has held that the provisions of La.R.S. 15:537(A), which prohibits diminution of sentence for certain sex offenders, and the provisions of La.R.S. 15:571.3, which sets forth the guidelines for diminution of sentence for all prisoners, do not form part of the sentence but are directives to the Department of Corrections in computing an inmate's sentence. *State v. Prejean*, 08-1192 (La. 2/6/09), 999 So.2d 1135 (per curiam). *See also State v. Fallon*, 15-1116 (La.App. 3 Cir. 4/6/16), 189 So.3d 605. "This court and the supreme court have repeatedly stated that trial judges lack authority to deny good time eligibility." *State v. Toups*, 17-792, p. 1 (La.App. 3 Cir. 11/22/17) (unpublished opinion.) Accordingly, Defendant's sentence is amended to delete the trial court's statement regarding diminution eligibility, and the trial court is instructed to make an entry in the minutes reflecting the amendment. *See State v. Drummer*, 17-790 (La.App. 3 Cir. 6/6/18), 245 So.3d 93, *writ denied*, 18-1139 (La. 2/11/19), 263 So.3d 413.

*See also State v. Burton*, 18-935, p. 2 (La.App. 3 Cir. 6/5/19), 274 So.3d 122, 126, *reversed on other grounds*, 19-1079 (La. 6/30/21), 320 So.3d 1117 (emphasis in original), where this court found that the trial judge's statement, "Those are going to be concurrent with one another. Okay. *The sentence is not subject to diminution for good behavior, sir.* Was not enhanced upon any type of habitual offender or any commission of firearm while in the possession[,]" amounted to a denial of diminution of sentence.

We find that the trial court's statement in the present case was an actual denial of diminution of sentence as it is more like the statements at issue in *Davis* and *Burton*, and it also references La.R.S. 15:537, which, according to *Prejean* and

5

*Fallon*, is directed to the Department of Corrections. For these reasons and as discussed below, we vacate Defendant's sentence and remand the case for resentencing due to an illegality.

<b>ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO</b>

Defendant contends that his forty-year sentence is excessive and for this reason, the trial court erred in denying his motion to reconsider sentence. He argues these two assignments of error together. In doing so, Defendant correctly notes that the trial court did not state what portion of the sentence was imposed without benefits although the commitment order indicates the entire sentence is to be served without benefits.

When the victim is under the age of thirteen, as here, La.R.S. 14:81.2 requires a hard labor sentence of twenty-five to ninety-nine years with at least twenty-five years being served without benefit of probation, parole, or suspension of sentence. The sentencing transcript does not reflect how many of the forty years are to be served without benefit of probation, parole, or suspension of sentence, but the sentencing commitment indicates the entire sentence is to be without benefits. In the event of a conflict, the transcript prevails. *See State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62; *State v. Sinegal*, 17-527 (La.App. 3 Cir. 12/13/17), 316 So.3d 989, *writ denied*, 18-451 (La. 1/8/19), 259 So.3d 1026. The trial court's failure to indicate how many years are to be served without benefits rendered the sentence indeterminate and thus illegal. Resentencing is required. *See State v. McKinney*, 21-721 (La.App. 3 Cir. 4/6/22), 337 So.3d 931; *State v. Parker*, 14-393 (La.App. 3 Cir. 10/1/14), 149 So.3d 892. Accordingly, Defendant's sentence is vacated, and

6

the case is remanded to the trial court for resentencing in accordance with La.R.S. 14:81.2.  As such, Defendant's excessiveness argument is moot.

## DECREE

Defendant's sentence is vacated, and the case is remanded for resentencing with an advisement that denial of diminution of sentence by the trial court is unauthorized.

**SENTENCE VACATED; REMANDED FOR RESENTENCING WITH ADVISEMENT.**