# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 13-245

STATE OF LOUISIANA

VERSUS

BRYCE W. PERKINS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 29877-09
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

## JOHN E. CONERY
## JUDGE

**********

Court composed of James T. Genovese, Shannon J. Gremillion, and John E. Conery, Judges.

**AFFIRMED.**

**John Foster DeRosier**
**District Attorney**
**Carla Sue Sigler**
**Assistant District Attorney**
**14th Judicial District Court**
**Post Office Box 3206**
**Lake Charles, Louisiana 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**Post Office Box 2806**
**Monroe, Louisiana 71207-2806**
**(318) 855-6038**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Bryce W. Perkins**

**CONERY, Judge.**

On September 3, 2009, a Calcasieu Parish grand jury indicted Defendant, Bryce W. Perkins, for second degree murder, a violation of La.R.S. 14:30.1.

At trial on February 10, 2011, a jury found Defendant guilty of second degree murder. On April 20, 2011, the trial court addressed Defendant's motions for a new trial and post-verdict judgment of acquittal. The court denied the motion for a new trial, but granted the motion for post-verdict judgment of acquittal, and entered a verdict of guilty of manslaughter in violation of La.R.S. 14:31. The defendant waived the delays for sentencing pursuant to La.Code Crim.P. art. 873, and the court sentenced Defendant to thirty years at hard labor.

The State timely appealed to this court, which reinstated the conviction for second degree murder and remanded for resentencing. *State v. Perkins*, 11-955 (La.App. 3 Cir. 3/7/12), 85 So.3d 810. On July 27, 2012, the trial court sentenced Defendant to life imprisonment, the mandatory sentence for second degree murder. On October 12, 2012, the court denied Defendant's motion to reconsider sentence in open court.

Defendant now appeals, alleging excessive sentence as his sole assignment of error. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

This court recited the pertinent underlying facts in its previous review:

> On the night of July 4, 2009, a large group of people in their late teens and early twenties gathered at a house in Lake Charles for a party. A fight broke out involving a young man named Taylor Johnson. After Johnson fell to the ground, various people began kicking him, and he assumed a fetal position. Some testimony indicated that the victim, Daniel Gueringer, and a young man named Devionte Edmonson intervened and stopped the fracas. Defendant, Johnson's friend, arrived and stood near the fallen man; he produced a pistol, raised it over his head, and chambered a round. Although there

was conflicting testimony regarding which young men took what actions, some partygoers attempted to subdue Defendant. They were unsuccessful. Defendant leveled the pistol and fired a shot. The victim fell to the ground with a head wound and later died.

*Id.* at 811-12.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is one error patent. The court sentenced Defendant to life imprisonment without the benefit of parole, probation, or suspension of sentence. However, the court did not impose the sentence at hard labor as required by La.R.S. 14:30.1.

In *State v. Loyden*, 04-1558 (La.App. 3 Cir. 4/6/05), 899 So.2d 166, this court found that such an error renders a sentence illegally lenient. Accordingly, because Defendant's sentence was not imposed at hard labor, the sentence is illegally lenient. However, this court will not correct an illegally lenient sentence, unless it is raised as an error on appeal. *State v. Celestine*, 11-1403 (La.App. 3 Cir. 5/30/12), 91 So.3d 573; *State v. Jacobs*, 08-1068 (La.App. 3 Cir. 3/4/09), 6 So.3d 315, *writ denied*, 09-0755 (La. 12/18/09), 23 So.3d 931. Thus, no action need be taken.

## ASSIGNMENT OF ERROR

In his lone assignment of error, Defendant contends that his mandatory life sentence is excessive. Although his argument is not explicit, the basis of the claim seems to be his relative youth. This issue appears also to have formed the basis of his motion to reconsider sentence.

2

## LAW AND DISCUSSION

This court's review of whether an excessive sentence has been imposed on a defendant by the trial court consists of two factors: 1) a determination of whether the sentence is unconstitutionally harsh, and thus, violates La.Const. art. 1, § 20; and 2) a determination of the trial court's consideration and weight given to the relevant sentencing factors established in La.Code Crim.P. art 894.1. *State v. Smith*, 99-606 (La. 7/6/00), 766 So.2d 501.

Louisiana Constitution Article 1, § 20 guarantees that "[n]o law shall subject any person to cruel or unusual punishment." In order for a sentence to be considered excessive, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime that it shocks our sense of justice, and that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court's discretion is vast in the imposition of sentence within the statutory limits, and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La. 6/30/00), 765 So.2d 1067. Thus, we must consider as the only relevant question, whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996). We are mindful, in a review of a sentence imposed, that the trial court "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *Id.* at 958.

3

Louisiana Revised Statutes 14:30.1 mandates a sentence of life imprisonment and provides, in pertinent part, "[w]hoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." A discussion of the aggravating or mitigating factors, as required by La.Code Crim.P. art. 894.1, is satisfied when the court informs a defendant that he or she is receiving the mandatory sentence under the statute. *State v. Paddio*, 02-722 (La.App. 3 Cir. 12/11/02), 832 So.2d 1120, *writ denied*, 03-402 (La. 2/13/04), 867 So.2d 682.

Excessive sentence claims involving mandatory sentences are analyzed pursuant to jurisprudence this court has previously discussed:

> In a case such as the instant case, where one of the sentences was a mandatory sentence and the other a mandatory minimum sentence, the Defendant has the burden to rebut the presumption that the sentences are unconstitutional by clear and convincing evidence, showing that:
>
> > [she] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstance of the case.
>
> Defendant has failed to meet her burden of showing how she is exceptional under the circumstances. Except for reciting the law regarding the general requirements for an adequate sentencing procedure, Defendant does not give any reason why her consecutive sentences are excessive.

*State v. Pierre*, 02-277, p. 15 (La.App. 3 Cir. 6/11/03), 854 So.2d 945, 954, *writ denied*, 03-2042 (La. 1/16/04), 864 So.2d 626 (citations omitted).

Defendant has failed to make any showing that he is "exceptional" in a way that renders his sentences excessive under the discussed jurisprudence. His brief

4

merely alludes to his youth.[1]  Defendant's argument appears to concede that the law it cites is not on point.  Rather, he attempts to suggest a developing trend away from mandatory sentences and toward greater "care and discretion" in sentencing, particularly with youthful offenders.   However, Defendant's argument is unsupported and does not meet the threshold required by *Pierre* and related jurisprudence. The sentence is mandatory and not grossly disproportionate to the crime. Thus, the trial court did not abuse its vast discretion in sentencing Defendant to the mandatory sentence required by law.   Thus, the assignment lacks merit.

## DISPOSITION

The trial court sentenced Defendant to life in prison as mandated by La.R.S. 14:30.1. Defendant has failed to show that he is exceptional or unusual under the circumstances. Therefore, the trial court did not abuse its discretion, and Defendant's sentence is affirmed.

**AFFIRMED.**

---

[1]Defendant's motion to reconsider states he was twenty-three on July 5, 2009.  This is the age he gave during his statement to police on that date.