NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-957

STATE OF LOUISIANA

VERSUS

CHRISTOPHER H. JOSEPH

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 22090-08
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and John E. Conery, Judges.

AFFIRMED.

**John Foster DeRosier**
**District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**14th Judicial District Court**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana  70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**Post Office Box 719**
**Rayville, Louisiana  71269**
**(318) 728-2043**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Christopher H. Joseph**

**Christopher H. Joseph**
**Louisiana State Prison**
**MPWY/Oak - 3**
**Angola, Louisiana  70712**
**Pro Se**

**CONERY, Judge.**

On October 30, 2008, Defendant, Christopher H. Joseph, was charged by bill of indictment with one count of first degree murder, in violation of La.R.S. 14:30. On February 17, 2011, a unanimous jury found Defendant guilty as charged. On March 11, 2011, Defendant was sentenced to life imprisonment with the Department of Corrections without benefits.

Defendant appealed his conviction, and this court vacated the conviction and rendered a conviction for second degree murder, in violation of La.R.S. 14:30.1, and remanded the case to the trial court for resentencing. *See State v. Joseph*, 11-1583 (La.App. 3 Cir. 6/13/12), 94 So.3d 922, *writ denied*, 12-1652 (La. 3/1/13), 108 So.3d 783.

On March 26, 2014, Defendant was again sentenced to life imprisonment. Defendant appealed, and this court vacated and remanded for resentencing on the ground that Defendant was not represented by counsel during sentencing. *See State v. Joseph*, 14-1188 (La.App. 3 Cir. 5/6/15), 164 So.3d 389. On July 15, 2015, with counsel present, Defendant was once again sentenced to life imprisonment without benefits.

Defendant now timely appeals his sentence, arguing that the sentence is excessive because the trial court did not articulate any sentencing factors considered under La.Code Crim.P. art. 894.1. For the following reasons, we find Defendant's assignment of error lacks merit. Defendant's sentence is affirmed.

# FACTUAL AND PROCEDURAL HISTORY

The facts of this case have been visited repeatedly, and this court stated that "[o]n August 28, 2008, Defendant shot and killed Darius Wilson." *Joseph*, 94 So.3d at 924.

# ASSIGNMENT OF ERROR

Defendant's sole assignment of error is that the trial court imposed an excessive sentence when it sentenced him to life imprisonment without considering any of the mitigating factors under La.Code Crim.P. art. 894.1. This argument lacks merit. Our court has stated:

> Louisiana Revised Statutes 14:30.1 mandates a sentence of life imprisonment and provides, in pertinent part, "[w]hoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." A discussion of the aggravating or mitigating factors, as required by La.Code Crim.P. art. 894.1, is satisfied when the court informs a defendant that he or she is receiving the mandatory sentence under the statute. *State v. Paddio*, 02-722 (La.App. 3 Cir. 12/11/02), 832 So.2d 1120, *writ denied*, 03-402 (La.2/13/04), 867 So.2d 682.

*State v. Perkins*, 13-245, p. 4 (La.App. 3 Cir. 11/6/13), 124 So.3d 605, 608.

Excessive sentence claims involving mandatory sentences are analyzed pursuant to jurisprudence this court has previously discussed:

> In a case such as the instant case, where one of the sentences was a mandatory sentence and the other a mandatory minimum sentence, the Defendant has the burden to rebut the presumption that the sentences are unconstitutional by clear and convincing evidence, showing that:
>
> > [she] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstance of the case.

> *State v. Young*, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 531, *writ denied*, 95-3010 (La.3/22/96), 669 So.2d 1223.
>
> Defendant has failed to meet her burden of showing how she is exceptional under the circumstances. Except for reciting the law regarding the general requirements for an adequate sentencing procedure, Defendant does not give any reason why her consecutive sentences are excessive.

*State v. Pierre*, 02-277, p. 15 (La.App. 3 Cir. 6/11/03), 854 So.2d 945, 954, *writ denied*, 03-2042 (La. 1/16/04), 864 So.2d 626 (citations omitted).

Much like the defendant in *Pierre*, Defendant has failed to show or allege any such exceptional circumstances. Additionally, this court has previously stated:

> [I]t would have been an exercise in futility for the trial court to set forth those factors indicating that a sentence of imprisonment should have been imposed on defendant, and those factors indicating that a suspended sentence or probation would be proper, when it had no discretion in sentencing defendant.

*State v. Williams*, 445 So.2d 1264, 1269 (La.App. 3 Cir.), *writ denied*, 449 So.2d 1346 (La.1984).

Under *Perkins*, the trial court fulfilled its duty to discuss aggravating and mitigating factors when it informed Defendant that he was receiving the mandatory sentence under the statute. As such, Defendant's argument lacks merit and his sentence is affirmed.

**DISPOSITION**

**AFFIRMED.**

This opinion is **not designated for publication**. Uniform Rules—Courts of Appeal, Rule 2-16.3.