STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-28

STATE OF LOUISIANA

VERSUS

DAVID PAUL MONCEAUX

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2581-20
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Shannon J. Gremillion, John E. Conery, and Gary J. Ortego, Judges.

CONVICTIONS AND SENTENCES AFFIRMED.
REMANDED WITH INSTRUCTIONS.
MOTION TO WITHDRAW GRANTED.

**Stephen C. Dwight**
**District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**Fourteenth Judicial District**
**Post Office Box 3206**
**Lake Charles, Louisiana  70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**

**Chad Ikerd**
**Louisiana Appellate Project**
**Post Office Box 2125**
**Lafayette, Louisiana  70502**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **David Paul Monceaux**

**CONERY, Judge.**

A unanimous jury convicted Defendant David Paul Monceaux of two counts of first degree rape and three counts of sexual battery of a victim under the age of fifteen. As discussed below, the trial court imposed the mandatory life sentences associated with the first degree rape convictions and fifty year sentences for each of the three counts of sexual battery of a victim under the age of fifteen. Defendant's appellate counsel has filed a Motion to Withdraw, citing no non-frivolous issues for consideration on appeal. Following review, we affirm Defendant's convictions and sentences and remand with instructions to the trial court to correct the minutes of sentencing and the resulting Louisiana Uniform Commitment Order. We further instruct the trial court to inform Defendant of his registration and notification requirements for sex offenders. We grant the Motion to Withdraw.

## FACTS AND PROCEDURAL HISTORY

On February 5, 2020, Defendant's oldest daughter, S.M.[1] disclosed to her elementary school counselor that Defendant had molested her when she was ages four to six. S.M., who was in fifth grade at the time of the reporting, further informed the school counselor that Defendant had also molested her younger sister, E.M. The school counselor contacted the Calcasieu Parish's Sheriff's Office (CPSO).

After speaking with the school counselor, Sergeant Jacob Doré of the CPSO travelled to the elementary school where S.M. repeated the allegation of molestation by Defendant and informed Sergeant Doré that "her dad touched her where his private touched her private[.]" Later that day, S.M. and E.M. were interviewed at the Child Advocacy Center (CAC). Each victim gave detailed statements regarding

---

[1] Pursuant to La.R.S. 46:1844(W), the victims' initials are used to protect their identities.

Defendant's inappropriate touching. During her CAC interview, S.M. also disclosed that Defendant inappropriately touched her four-year-old cousin, N.T.

Later that same evening, Detective Doré questioned Defendant at the CPSO regarding the allegations made by S.M. and E.M. Defendant waived his right against self-incrimination, completing a "Miranda Rights Form." Although Defendant initially denied the allegations, he ultimately confessed to engaging in sexual misconduct with all three victims.

A grand jury issued a bill of indictment on February 13, 2020, charging Defendant with: Count 1, first degree rape upon S.M. (dob 2/25/09), in violation of La.R.S. 14:42(A)(4); Count 2, first degree rape upon E.M. (dob 3/26/10), La.R.S. 14:42(A)(4); Count 3, sexual battery of victim under thirteen of victim N.T. (dob 3/17/15), in violation of La.R.S. 14:43.1(A)(2) and (C)(2); Count 4, sexual battery of victim of under thirteen of S.M., in violation of La.R.S. 14:43.1(A)(2) and (C)(2); and Count 5, sexual battery of victim under thirteen upon E.M., in violation of La.R.S. 14:43.1(A)(2) and (C)(2).

Defendant entered pleas of not guilty to the charges on March 9, 2020 and requested a jury trial. Following an April 2021 trial, a unanimous jury found Defendant guilty as charged on all counts.

Afterwards, Defendant's trial counsel filed a motion for new trial, and Defendant, in proper person, filed a motion to recuse the trial judge. At the recusal hearing, Defendant declined to support his motion to recuse with oral argument but instead rested on his brief, which alleged anti-defense bias. The trial court denied Defendant's request for referral to another judge for consideration and further denied the recusal demand. The trial court subsequently turned to the motion for new trial, which cited the trial court's denial of his objection to jury instructions on the basis

2

that the objection was not timely lodged. Although Defense counsel did not file a

separate motion to recuse, Defense counsel explained that the trial court had a

practice of citing objections as premature only to later find them untimely if made at

a later point. The trial court denied the motion for new trial in open court.

After Defendant waived sentencing delays, the trial court imposed sentence

as follows:

> It is the Court's position as to Count One, First-Degree Rape, victim S.M., that the defendant will be ordered to serve life in prison, without benefit of probation, parole or suspension of sentence.

> The Court will move down to Count Three[2] [sic] with regard to sexual battery of S.M., and will order that the defendant serve 50 years with the Department of Corrections. That will be served without benefit of probation, parole or suspension of sentence, the entirety of the sentence. I do find it to be connected, so they will be concurrent with one another.

> With regard to Count Two, First-Degree Rape of E.M., the defendant will be ordered to serve hard labor for life, without benefit of probation, parole or suspension of sentence, as provided by statute.

> As to Count Four [sic], Sexual Battery of E.M., the defendant will be ordered to serve 50 years with the Department of Corrections. It will be served without benefit of probation, parole or suspension of sentence, the entire 50 years. That will run consecutive with S.M. Separate victims, separate lives destroyed.

> Count Five [sic], Sexual Battery of a Child Under 13, initials N.T., the defendant will be ordered to serve 50 years with the Department of Corrections. That will run without benefit of probation, parole or suspension of sentence for the entirety of the 50 years. That

---

[2] The transcript reveals that the trial court referred to transposed count numbers in imposing the sentences as to each particular victim for the sexual battery offenses. Despite the trial court's reference at sentencing, the indictment, the trial court's instructions, the jury verdict sheet, and the jury's verdicts clearly demonstrate that Count 3 pertained to the offense of sexual battery as it related to N.T. (not S.M.); Count 4 pertained to the offense of sexual battery as it related to S.M. (not E.M.), and Count 5 pertained to the offense of sexual battery as it related to E.M (not N.T.).

We below conclude that reference to the incorrect count number was inadvertent and harmless, given the clarity of the trial court's imposition of sentence as it relates to each offense and victim. We do, however, find it necessary to remand for correction of the minutes and the Louisiana Uniform Sentencing Commitment Order to accurately reflect the counts to be served concurrently and consecutively as expressed by the trial court at sentencing.

sentence will be consecutive to both the two charges as to S.M. and the two charges as to E.M.

Defense counsel objected to the sentences, later filing an untimely Motion for Reconsideration of Sentences. The trial court denied the motion.

The trial court, however, granted Defendant's simultaneously filed Motion for Out-of-Time Appeal. After the record was lodged in this court, Defendant's appellate counsel filed a brief seeking to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241. Although appellate counsel asserts that no non-frivolous issues remain on appeal, counsel points out that "[t]he trial court did not notify David Monceaux of the sex offender registration requirements." The State filed a brief concurring in appellate counsel's evaluation of the record. This court advised Defendant, via certified mail, that counsel filed an *Anders* brief and provided a briefing deadline in the event Defendant chose to support his request for appeal. Defendant did not file a separate brief.

## LAW AND DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Following that review, we find one possible error patent regarding the trial court's statement that Defendant's sentences are not subject to diminution of sentence, and one error involving the sentence imposed for Count One. Defendant's appellate counsel points to this latter error as well.

Diminution of Sentence

We first address whether the trial court "denied" diminution of sentence. Such a denial by the trial court would constitute error as the supreme court has held that

4

the provisions of La.R.S. 15:537(A), which prohibits diminution of sentence for certain sex offenders, and the provisions of La.R.S. 15:571.3, which sets forth the guidelines for diminution of sentence for all prisoners, do not form part of the sentence. *State v. Prejean*, 08-1192 (La. 2/6/09), 999 So.2d 1135 (per curiam). The guidelines are instead directives to the Department of Corrections in computing an inmate's sentence. *Id.  See also State v. Fallon*, 15-1116, p. 4 (La.App. 3 Cir. 4/6/16), 189 So.3d 605.  Both the supreme court and this court have repeatedly stated that trial judges lack authority to deny diminution of sentence. *See State v. Narcisse*, 97-3161 (La. 6/26/98), 714 So.2d 698; *Fallon*, 189 So.3d 605.  In cases in which the trial court has been found to deny diminution sentence, this court has corrected the sentencing error. *See, e.g., State v. Davis*, 19-562 (La.App. 3 Cir 2/5/20), 291 So.3d 246, *writ granted on other grounds*, 20-392 (La. 6/3/20), 296 So.3d 1041; *Fallon*, 189 So.3d 605.

In this case, the trial court stated the following at sentencing:

> Under 15:571.3, is the defendant subject to diminution for good behavior[?]

> It's the Court's position he is not.

> There is no enhancement here under 15:529.1 or 893.3.

In *State v. Samuel*, 19-408, p. 9 (La.App. 3 Cir. 2/5/20), 291 So.3d 256, 262, *writ denied*, 20-398 (La. 7/24/20), 299 So.3d 77, this court explained that the trial court in the matter before it explained as follows with regard to diminution of sentence:

> [T]he law tells me I have to sentence you under [La.R.S.] 14:42[ (B) 2] and through C(b) (sic) to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence; this is a crime of violence and a

sex offense and is not subject to diminution for good behavior; it is not an enhanced sentence[.]

In considering whether that advisement constituted an error patent, the *Samuel* panel explained:

> The trial court's statement that the sentence is not subject to diminution could be interpreted as a denial of diminution of sentence by the trial court. In *State v. Burton*, 18-935, p. 2 (La.App. 3 Cir. 6/5/19), 274 So.3d 122, 126-27, this court held:
>
> > Although La.Code Crim.P. art. 894.1(D) previously required the trial court to advise a defendant of whether his sentence was subject to diminution for good behavior, the article was amended in 2010 to delete that requirement. 2010 La. Acts. No. 350, § 1; *See also State v. D.G.H.*, 07-524 (La.App. 3 Cir. 10/31/07), 969 So.2d 1254. Thus, at the time the trial court imposed the present sentences, La.Code Crim.P. art. 894.1(D) no longer required such an advisement. Prior to the amendment this court distinguished between an advisement and an actual denial of diminution of sentence, finding no corrective action was needed if the trial court merely advised a defendant that his sentence was not subject to diminution. *State v. James*, 09-606, p. 3 (La.App. 3 Cir. 12/9/09), 26 So.3d 915, 917.
>
> > We interpret the trial court's statement simply as an advisement that Defendant's sentence was not subject to diminution and not as a denial by the trial court of diminution of sentence. We further note that the trial court is no longer required to "advise" a defendant as to whether his sentence is subject to diminution. La.Code Crim.P. art. 894.1(D).

*Id.* at 262-63.

We conclude the trial court's reference to diminution of sentence in the present matter was likewise merely an advisement and, therefore, not an error requiring correction. Namely, the trial court's passing reference, including its offering of its "position," differentiates this matter from one in which a trial court's reference to diminution of sentence was found to be a denial of that benefit. *See, e.g., Davis*, 291 So.3d at 251 (wherein the trial court definitively stated: "You are not entitled to diminution for good behavior."). Moreover, in *Davis*, the minutes of

6

sentencing indicated that Defendant was not entitled to diminution for good behavior. *Id.* In contrast, the minutes of the sentencing in the present case are silent as to diminution.

Finding the trial court's statement in the present case to be merely an advisement regarding diminution of sentence, we find that no correction or amendment of sentence is required.

Failure to Impose Sentence at Hard Labor

The trial court did err, however, in failing to order that the sentence for Count One, first degree rape upon victim S.M., be served at hard labor even though a sentence for first degree rape must be imposed "at hard labor." La.R.S. 14:42. The sentence imposed on Count One is therefore illegally lenient. *State v. Perkins*, 13-245 (La.App. 3 Cir. 11/6/13), 124 So.3d 605. We find that no further action is required, however. Rather, in *State v. Brown,* 19-771 (La. 10/14/20), 302 So.3d 1109 (per curiam), the supreme court found the court of appeal erred in vacating an illegally lenient sentence absent any complaint by the State. The State has lodged no complaint in the present case. We accordingly do not disturb the trial court's imposition of this sentence.

## *ANDERS* ANALYSIS:

As stated previously, Defendant's appellate counsel has filed a brief pursuant to *Anders*, 386 U.S. 738, alleging the record contains no non-frivolous issues for appeal and requesting this court grant his accompanying Motion to Withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis, stating:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that

counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

In conducting such a review, it is not necessary for defense counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit." *Jyles*, 704 So.2d at 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983)). Counsel's *Anders* brief must, however, "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *Jyles*, 704 So.2d at 241 (quoting *McCoy v. Court of Appeals of Wisc., Dist. 1*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241 (citing *United States v. Pippen*, 115 F.3d 422 (7th Cir. 1997)). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

8

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, Defendant's appellate counsel filed a brief outlining his assessment of the appellate record. We consider each of the issues discussed therein.

*Sufficiency of the Evidence*

Appellate counsel first asserts the evidence introduced at trial was sufficient to find Defendant guilty of all counts. Specifically, appellate counsel notes that multiple witnesses' testimonies and Defendant's own statements to police provided evidence sufficient to establish each element of the charges against Defendant.

The analysis for sufficiency of the evidence is well settled, with the supreme court explaining:

> In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Weary,* 2003-3067 p. 17 (La.4/24/06), 931 So.2d 297, 310, *pet. for cert. filed September 20, 2006 (No. 06-6799); State v. Captville,* 448 So.2d 676, 678 (La.1984). The fact-finder weighs the respective credibilities of the witnesses, and this court will generally not second-guess those determinations. *State v. Dabney,* 2002-934 p. 1 (La.4/9/03), 842 So.2d 326, 327; *State ex rel. Graffagnino v. King,* 436 So.2d 559, 563 (La.1983) ("It is the role of the fact-finder to weigh the respective credibilities of the witnesses, and this court will not second-guess the credibility determinations of the trier of fact beyond our sufficiency evaluations under the *Jackson* standard of review.").

*State v. Ordodi*, 06-207, p. 10 (La. 11/29/06), 946 So.2d 654, 660. *See also State v. Bryant*, 21-240 (La.App. 3 Cir. 12/22/21), 333 So.3d 495.

Defendant was convicted of two counts of first degree rape and three counts of sexual battery. First degree rape is defined by La.R.S. 14:42, which states, in pertinent part:

> A. First degree rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual

intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:

. . . .

(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

Further, sexual battery is defined in La.R.S. 14:43.1, which states, in pertinent part:

A. Sexual battery is the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, directly or through clothing, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the victim, directly or through clothing, when any of the following occur:

. . . .

(2) The victim has not yet attained fifteen years of age[3] and is at least three years younger than the offender.

In addressing whether the State satisfied its burden of proving the elements beyond a reasonable doubt, we review both the testimony and documentary evidence admitted at trial. This court has explained:

[T]he testimony of a single witness is sufficient to support a conviction "[i]n the absence of internal contradiction or irreconcilable conflicts with physical evidence." *State v. Dixon,* 04-1019, p. 12 (La.App. 5 Cir. 3/15/05), 900 So.2d 929, 936. The trier of fact may accept or reject the testimony of any witness, and the determination of the credibility of that witness, in whole or in part, is left to its sound discretion and "will not be re-weighed on appeal." *Id.* at 936.

*State v. F.B.A.*, 07-1526, p. 2 (La.App. 3 Cir. 5/28/08), 983 So.2d 1006, 1009, *writ denied*, 08-1464 (La. 3/27/09), 5 So.3d 138.

---

[3]For purposes of a sufficiency analysis, the victim must be under the age of fifteen, but the statute contains an enhanced penalty if the victim is under the age of thirteen. *See* La.R.S. 14:43.1. The bill of indictment indicates the victims were under the age of thirteen in the headings of the sexual battery offenses. From the date ranges of the offenses and the victims' dates of birth, it is clear the victims were under the age of thirteen.

The record indicates that although Defendant did not take the stand to testify on his behalf, the jury heard the recording of his interview with the CPSO. In the interview, Defendant confessed to engaging in sexual misconduct with the victims and gave detailed accounts of the incidents.

With regard to the offenses involving S.M., Defendant told police that he began inappropriately touching her when she was about seven years old and began vaginally penetrating her when she was nine years old, doing so roughly seven times. With regard to the offenses involving E.M., Defendant admitted to rubbing her on top of her clothing and rubbing his crotch on her when she was six years old. He also admitted that he "put [his penis] just in the lips [of her vagina]" one time but stopped when she said that it hurt.[4] Finally, with regard to N.T., Defendant admitted that he pulled his pants down, laid on top of her, and attempted to blow on her neck while his penis was erect.

The State also relied upon direct evidence in the form of the testimony from each of the three victims. The record shows that S.M.'s date of birth is February 25, 2009, and that she testified that Defendant began molesting her when she was four years old. E.M. could not remember her birthday but testified that she was eleven years old at the time of trial. N.T. testified that her "Uncle Dave" pulled his pants down, "squishing [her] like a pancake." Although N.T. did not state her age while testifying, the jury was able to assess her young age on the witness stand, easily

---

[4]In closing statements, defense counsel argued Defendant did not penetrate E.M., because she testified at trial that Defendant only touched the outside of her vagina with his penis. Louisiana Revised Statutes 14:41(B), however, provides that "any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime." Thus, the jury was free to determine that Defendant's description of the insertion of the tip of his penis "until it hurt" is sufficient evidence of penetration. *See State v. Self*, 98-39 (La.App. 3 Cir. 8/19/98), 719 So.2d 100, *writ denied*, 98-2454 (La. 1/8/99), 734 So.2d 1229.

finding that she was well under the age of fifteen at the time of the offense. Accordingly, the State proved the ages of the victims were less than fifteen and thirteen, which are required elements of sexual battery and first degree rape, respectively. *See* La.R.S. 14:43.1(A)(2); La.R.S. 14:42(A)(4). Additionally, in conjunction with the victims' testimony, the State introduced the victims' CAC interviews from February 5, 2020, and February 6, 2020, each victim stated their age at that time. At the time of the interview, S.M. explained that she was ten years old, E.M. stated that she was nine years old, and N.T. stated that she was four years old.

Thus, the State presented testimony from the three victims, the forensic interviews in which the victims discussed the sexual misconduct in detail, and Defendant's confession to police in which he admitted to the allegations. Accordingly, Defense counsel accurately reports that the State presented sufficient evidence to prove Defendant's guilt on all charges.

*Motion for New Trial*

Appellate counsel next addresses Defendant's motion for new trial, filed pursuant to La.Code Crim.P. art. 851(B)(2). The motion was based on the trial court's ruling on an objection to the jury charges. Appellate counsel explained that after closing arguments, defense counsel attempted to object to the jury charges, but the trial court interrupted and found the objection to be premature. The trial court then read the charges and excused the jury to begin deliberations. Afterwards, defense counsel objected to the inclusion of the victims' dates of birth in the jury charges as "[n]one of those three complaining witnesses gave testimony of a birth year."[5] The trial court ruled that the objection was not an objection to the jury

---

[5]As discussed, S.M. testified that her date of birth was February 25, 2009. The remaining testimony reflected the ages of the other two victims rather than their specific birth date.

charges but was instead a challenge to the sufficiency of the evidence. The trial court noted defense counsel's objection for the record. Defendant filed his motion for new trial based on the trial court's ruling.

Louisiana Code of Criminal Procedure Article 851(B)(2) mandates a new trial be granted whenever "[t]he court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error." Appellate counsel asserts that Defendant was not prejudiced by the trial court's ruling, because the ages of the victims were established by the testimony presented and by Defendant's confession to police which was admitted into evidence. Namely, however, first degree rape and sexual battery do not require the victims' birthdates to be proven; rather, the respective statutes require that State only to prove that the victims were under the age of fifteen for sexual battery and under the age of thirteen for first degree rape.

Accordingly, we find that the trial court properly denied the motion for new trial.

*Sentencing*

Appellate counsel next addresses whether Defendant's sentences were excessive. Counsel points out that the life sentences for both counts of first degree rape are mandatory and that the fifty year sentences for each count of sexual battery are in the low range of La.R.S. 14:43.1(C)(2). Counsel further notes that the trial court did not order every count to be served consecutively, but rather, the trial court ordered the counts for each victim to be served consecutively to the counts for the other victims. Therefore, counsel concludes that he cannot argue the trial court abused its wide discretion in sentencing Defendant after the trial court considered the mitigating and aggravating factors set forth in La.Code Crim.P. art. 894.1.

As pertinent to the sentences imposed, first degree rape is defined as a crime of violence under La.R.S. 14:2. Conviction of the offense requires a mandatory sentence of life imprisonment without the benefit of parole, probation, or suspension of sentence. La.R.S. 14:42(D)(2). Sexual battery of a victim under the age of thirteen, also a crime of violence, carries a sentencing range of twenty-five to ninety-nine years imprisonment at hard labor with at least twenty-five years to be served without the benefit of parole, probation, or suspension of sentence. La.R.S. 14:43.1(C)(2). Defendant therefore received the mandatory sentence for each of his first degree rape convictions and less than half the maximum sentence for each of his sexual battery convictions.

As the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate, Defendant's appellate counsel accurately asserts that Defendant's sentences are legal and not constitutionally excessive. *See State v. Soraparu*, 97-1027 (La. 10/13/97), 703 So.2d 608.

*Independent Review of the Record*

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, we also have performed a thorough, independent review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Defendant was properly charged in the bill of indictment; he was present and represented by counsel at all crucial stages of the proceedings; the verdicts were correct; and he received a legal sentence for each conviction.

As entailed in an *Anders* review, we have reviewed the transcripts to determine whether any other ruling provides an arguable basis for appeal. Addressed briefly above, the sentencing transcript reveals that the trial court referred

14

to the incorrect count numbers in imposing the sentences for the sexual battery offenses as it related to each victim. We conclude that the reference to the wrong count number was unintentional and harmless, however. The trial court identified the correct offense pertaining to each victim and imposed a corresponding sentence for each of the offenses for which Defendant was charged and convicted. The trial court named the victims, rather than the count numbers, when ordering the sentences to be served concurrently or consecutively. The trial court's verbal miscue, however, found its way to the minutes of the sentencing as well as the Louisiana Uniform Sentencing Commitment Order. Both are in need of correction to accurately reflect the trial court's imposition of concurrent sentences as it relates to victims S.M. and E.M., as well as its order that the sentences related to S.M. and E.M. be served consecutively to one another and that the sentence related to N.T. be served consecutively to those related to both S.M. and E.M. We below instruct the trial court to do so on remand.

Our review of the transcripts also reflects that defense counsel made several objections, most of which were discussed by appellate counsel in the brief accompanying the Motion to Withdraw. None of the trial court's corresponding rulings support a non-frivolous issue to raise on appeal. Finding no further issues that would support an assignment of error on appeal, save the one raised by appellate counsel, we below grant appellant counsel's Motion to Withdraw.

**ASSIGNMENT OF ERROR NO. 1:**

In seeking an error patent review for Defendant, appellate counsel notes that the trial court failed to advise Defendant of the sex offender registration requirements. *See State v. Scott*, 42,997 (La.App. 2 Cir. 2/13/08), 975 So.2d 782. The State concedes there is no indication that Defendant was provided with the

registration requirements and does not object to the matter being remanded to the trial court for the sole purpose of providing Defendant with adequate written notice of the sex offender registration requirements.

Louisiana Revised Statutes 15:543(A) requires the trial court to "provide written notification to any person convicted of a sex offense and a criminal offense against a victim who is a minor of the registration requirements and the notification requirements[.]" Notification must be given on the statutorily required form and "shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant, and an entry shall be made in the court minutes stating that the written notification was provided to such offenders." La.R.S. 15:543(A). First degree rape and sexual battery are both sex offenses as defined by La.R.S. 15:541(24)(a).

We accordingly remand this matter and instruct the trial court to notify Defendant of his registration and notification requirements by sending written notice to him within thirty days of this opinion and to file written proof of the Defendant's receipt of the notice in the record. *See State v. Wagnon*, 18-446 (La.App. 3 Cir. 12/6/18), 261 So.3d 60.

**DECREE**

The convictions and sentences of Defendant, David Paul Monceaux are affirmed. Defendant's appellant counsel's Motion to Withdraw is granted.

This matter is remanded with instructions to the trial court to correct the minutes of sentencing, dated April 21, 2021, to correctly reflect its imposition of concurrent sentences as they relate to victims S.M. (Counts 1 & 4) and E.M. (Counts 2 & 5); its order that the sentences related to E.M.(Counts 2 & 5) are to be served consecutively to those related to S.M. (Counts 1 & 4); and its order that the sentence

16

related to victim N.T. (Count 3) is to run consecutively to Counts 1, 2, 4 and 5. The trial court is further ordered to amend the Louisiana Uniform Sentencing Commitment Order in that regard as well.

The trial court is further instructed to notify Defendant of his registration and notification requirements for sex offenders by sending written notice to him within thirty days of rendition of this opinion and to file written proof of Defendant's receipt of the notice in the record.

**CONVICTIONS AND SENTENCES AFFIRMED.**
**REMANDED WITH INSTRUCTIONS.**
**MOTION TO WITHDRAW GRANTED.**